**LeRoy L. LARSON, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 20166.**

United States Court of Appeals, Eighth Circuit.

May 13, 1970.

LeRoy L. Larson, pro se.

John Danforth, Atty. Gen. of Missouri, and Dale L. Rollings, Asst. Atty. Gen., Jefferson City, Mo, for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and BRIGHT, Circuit Judges.

PER CURIAM.

Petitioner LeRoy L. Larson has taken this timely appeal pro se in forma pauperis from final order of the District Court dismissing without prejudice his petition for writ of habeas corpus. Petitioner was convicted of first degree murder in the Circuit Court of Clay County, Missouri. He was sentenced to life imprisonment on February 10, 1961. He took no appeal from his conviction. In his present appeal, petitioner urges that his guilty plea was not voluntary and that it was obtained in violation of his federally guaranteed constitutional rights.

Judge Becker, in a well-considered memorandum opinion (not reported) based dismissal of the habeas corpus petition upon the failure of the petitioner to exhaust state remedies available to him under Missouri Criminal Rule 27.26, V.A.M.R. We agree and affirm the dismissal.

Petitioner filed a Rule 27.26 motion in the Missouri sentencing court which was denied without holding an evidentiary hearing on April 25, 1968. Upon appeal, the Missouri Supreme Court reversed holding that petitioner was entitled to an evidentiary hearing upon the issue of

the voluntariness of his plea of guilty and that he was entitled to representation by counsel. Larson v. State, 437 S.W.2d 67. Counsel was appointed to represent petitioner. The petitioner dismissed his state Rule 27.26 proceeding. He says he did so because he was informed by the prosecuting attorney that he would be prosecuted on an old charge of robbery in the first degree and that upon conviction the prosecutor would recommend a consecutive life sentence, but that the prosecutor would drop such charge if he withdrew his Rule 27.26 proceeding.

The prosecutor has a right to prosecute legitimate charges against a petitioner. Absent an evidentiary hearing, it of course is not established that the prosecutor bargained as claimed. We cannot upon the present record determine whether there was coercion for the prosecutor to agree to drop certain charges in exchange for the withdrawal of the Rule 27.26 motion. See Meyer v. United States, 8 Cir., 424 F.2d 1181 (April 20, 1970).

The trial court in its opinion properly observes that a petitioner has a right to file successive Rule 27.26 motions in the state court and that his right to seek relief in the state court is still available to him. An evidentiary hearing upon such a motion would afford the petitioner a full and fair opportunity to develop any factual support that may exist for his contention that his plea of guilty was coerced.

The well-established rule is that a state prisoner must exhaust his state remedies before seeking habeas corpus relief in the federal courts. 28 U.S.C.A. § 2254; Baines v. Swenson, 8 Cir., 384 F.2d 621. The decision of the Missouri Supreme Court on petitioner's appeal above referred to reflects that the Missouri court gives fair consideration to post-conviction remedies.

The petitioner has not exhausted available state remedies. The state has not been given a fair opportunity to pass upon petitioner's contentions which he urges in his federal petition for habeas corpus.

The order dismissing the petition for habeas corpus without prejudice is affirmed.