**Luther WILLIAMS, Appellant,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Appellee.**

No. 72-1233.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1972.

Decided July 21, 1972.

Luther Williams, pro se.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and URBOM,* Chief District Judge.

PER CURIAM.

Luther Williams, a state prisoner, is confined in the Missouri State Penitentiary and was granted a certificate of probable cause by District Judge William R. Collinson to effect an appeal to this court, following an adverse ruling on his petition for a writ of habeas corpus.

On March 9, 1967, the petitioner-appellant was sentenced to a term of ten years, after a jury found him guilty of robbery in the first degree by means of a dangerous and deadly weapon. Thereafter, he appealed his conviction to the state supreme court and in State v. Williams, 423 S.W.2d 736 (Mo.1968) the Supreme Court of Missouri affirmed the conviction and sentence.

The only issue the appellant presented for adjudication by the United States District Court was whether he was being subjected to "multiple punishment for the same offense" in violation of the Fifth and Fourteenth Amendments, because the state refuses to grant him 294 days' credit on his sentence for the time spent in jail immediately preceding his conviction. Reliance is sought in the wording of a recently amended Missouri statute, § 546.615 RSMo, V.A.M.S., which provides:

" . . . A person convicted of a felony in this state shall receive as credit toward service of the sentence

* Of the District of Nebraska, sitting by designation.

imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the department of corrections."

The predecessor statute, in contrast to the amended statute, left to the discretion of the trial judge the decision as to whether jail time spent awaiting trial should be credited.

The district court in denying relief based its decision upon two independent grounds: (1) that the petitioner had failed to exhaust his state judicial remedies under Missouri Supreme Court Rule 27.26, V.A.M.R., and (2) Section 546.615 RSMo, as amended in 1971, V.A.M.S., was not retroactive.

■ Preliminary to seeking relief in a federal district court by virtue of 28 U.S.C. § 2241 et seq., a state prisoner must show that the state's highest court has been afforded the opportunity to pass upon the assertions of constitutional deprivation. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Blackwell v. Wolff, 454 F.2d 48 (8th Cir. 1972); Mayes v. Sigler, 428 F.2d 669 (8th Cir. 1970); and Larson v. Swenson, 425 F.2d 1076 (8th Cir. 1970).

■ Implicitly, the petitioner has raised a constitutional issue which this court cannot say is frivolous or obviously without merit: Whether the refusal to credit an indigent prisoner with jail time accrued prior to his conviction, where the offense for which he stands convicted is or may be bailable,[1] is violative of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States. See Culp v. Bounds, 325 F.Supp. 416, 419 (U.S.D.C. W.D. N.C. 1971); Parker v. Bounds, 329 F.Supp. 1400, 1402 (U.S.D.C. E.D. N.C. 1971). See also Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586

---

1. The following Missouri statutes define the elements and the punishment for robbery in the first degree by means of a dangerous and deadly weapon:

"560.120. Robbery in first degree

Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person; or who shall be convicted of feloniously taking the property of another from the person of his wife, servant, clerk or agent, in charge thereof, and against the will of such wife, servant, clerk or agent by violence to the person of such wife, servant, clerk or agent, or by putting him or her in fear of some immediate injury to his or her person, shall be adjudged guilty of robbery in the first degree.

"560.135. Robbery by means of dangerous and deadly weapons —penalty

Every person convicted of robbery in the first degree by means of a dangerous and deadly weapon shall suffer death, or be punished by imprisonment in the penitentiary for not less than five years, and every person convicted of robbery in the first degree by any other means shall be punished by imprisonment in the penitentiary for not less than five years; every person convicted of robbery in the second degree shall be punished by imprisonment in the penitentiary not exceeding five nor less than three years; every person convicted of robbery in the third degree shall be punished by imprisonment in the penitentiary not exceeding five years."

The Constitution of the State of Missouri provides in Article I, Section 20, V.A.M.S.:

"That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident, or the presumption great."

In the early case of Ex parte Burgess, 309 Mo. 397, 274 S.W. 423 (Mo.1925), it was said of the predecessor provision of the Missouri constitution of 1820:

"It may be said generally, therefore, that one accused of crime is entitled to bail as an absolute right, subject to the limitation that it should be denied in capital cases *where the proof is evident or the presumption great.*" (Emphasis added)

Consequently, the fact that the defendant was charged with a capital crime does not necessarily mean that he was ineligible for bail.

**996**

(1970); Hart v. Henderson, 449 F.2d 183 (5th Cir. 1971).

The order of the United States District Court for the Western District of Missouri, which denied the petition for a writ of habeas corpus in the present case, noted that the petitioner claimed that he had exhausted his available state remedies:

" . . . by filing a motion 'nunc pro tunc' in the Jackson County Circuit Court, which was denied in April, 1970; a petition for habeas corpus in the Cole County Circuit Court, which was denied without hearing on November 17, 1971; and a petition for habeas corpus in the Missouri Supreme Court which was denied without hearing on January 10, 1972."

The order further observed that "the Missouri Supreme Court has indicated that there is an available procedure for raising the question presented here—a motion pursuant to Missouri Supreme Court Rule 27.26 . . ."

■ Undoubtedly, it becomes wearisome to state prisoners to be shuttled about through the complications of state court rules and state statutes, and perhaps some of the problem of repetitive legal actions may be eliminated by a state court's calling a petitioner's attention to the correct procedure. Nevertheless, we are constrained to abide by the doctrine of exhaustion of state remedies. In the present case a proceeding in the state courts through Rule 27.26 can have the beneficial effect of receiving a determination by the Missouri Supreme Court of whether the new Missouri statute requiring the crediting of jail time is retroactive. Such a determination can better be done by the state courts than by the federal courts, and, if the Missouri Supreme Court were to hold that the statute is to be applied retroactively, a decision on constitutional grounds apparently would be obviated.[2]

The present claim has not been decided by the Missouri Supreme Court, and there is an avenue open to the petitioner to receive a resolution by that court.

■ Additionally, we *sua sponte* observe that the petitioner in naming the Missouri Department of Corrections as the respondent has not met the explicit command of 28 U.S.C.A. § 2242 that an application for a writ give "the name of the person who has custody over him. . . ."

The district court's decision is affirmed on the ground that the petitioner has not exhausted his state remedies.

Affirmed.

---

2. See Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970) and Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970) in employing abstention, which is distinct from but akin to requiring exhaustion of state remedies.