UNITED STATES of America,
Appellee,

v.

Jeannette Elizabeth **HAGER**, Appellant.

No. 74–1308.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1974.

Decided Nov. 5, 1974.

738

John W. Brickler, St. Louis, Mo., for appellant.

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Jeannette Elizabeth Hager appeals from her conviction by a jury of two counts of possession of matter which had been stolen from the mail in violation of 18 U.S.C. § 1708. We affirm that conviction.

The two counts in the indictment were based on two incidents occurring a few months apart in which personal checks were stolen from the mail, the name of the payee was altered and Ms. Hager appeared at financial institutions to cash these stolen, altered instruments. The first time she was successful in her endeavor, but the second time she was apprehended after suspicious bank employees notified the police. She was attempting to cash the second check using an assumed name when she was arrested.

During the trial various government witnesses who were postal inspectors and local policemen testified regarding the contents of certain exculpatory statements Ms. Hager had made to them in the course of their investigations. However, these statements had been given by her before she had been given the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966).

Also, in his closing argument to the jury, the government's attorney stated that "there are certain questions I would like answered by the defense in this case." He then propounded five questions regarding the evidence in the case. Appellant claims that this was improper because it implied that the defendant had a burden of proving her innocence. Additionally, during the closing argument the prosecutor said, "Nobody gave the defendant, Jeannette Hager, or at least the people that the government produced, no one gave her permission to have this check in her possession. It didn't come from Alice Cooper and it didn't come from Ruth Maness." This, allegedly, was improper because, again, it implied that the defendant had to come forward with evidence and because it was in itself a comment on the defendant's having not testified. The prosecutor also told the jury that "the evidence in this case, I think, is totally overwhelming;" which Ms. Hager's appellate attorney argues is an improper statement of personal opinion by the government attorney.

Ms. Hager's trial attorney, Mr. Jess Ullom, made no attempt to suppress the exculpatory statements nor did he object to this testimony at trial. Neither did he object to the prosecutor's remarks made during closing argument. In fact, he attempted to answer the questions raised by the prosecutor during his own closing argument. There was no motion for a mistrial.[1]

---

[1]. At oral argument before this panel Ms. Hager's appellate attorney conceded that her trial attorney had waived the Miranda issue by not raising objections to the introduction of the evidence at the trial. In that regard see Henry v. Mississippi, 379 U.S. 443, 451–452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

In this posture the only issue with which we must deal on this appeal is whether or not Ms. Hager was denied her constitutional right to effective assistance of legal counsel. We believe that she was not.

The standard for ineffectiveness of counsel followed by this circuit is the so-called "mockery of justice" standard. An oft-quoted statement of this standard is found in Cardarella v. United States, 375 F.2d 222, 230 (8th Cir.), cert. denied, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967):

> The rule applicable is that a charge of inadequate representation can prevail "only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court." O'Malley v. United States, 6 Cir., 285 F.2d 733, 734 (1961).

Two recent opinions of this Court have continued this standard in effect, but have pointed out its limitations. Garton v. Swenson, 497 F.2d 1137, 1139–1140 (8th Cir. 1974); McQueen v. Swenson, 498 F.2d 207, 214–218 (8th Cir. 1974). These opinions have demonstrated that the "mockery of justice" standard is not meant to be an impenetrable obstacle to any meaningful analysis of the facts of the particular case. As stated in McQueen v. Swenson, supra, 498 F.2d at 214:

> Stringent as the "mockery of justice" standard may seem, we have never intended it to be used as a shibboleth to avoid a searching evaluation of possible constitutional violations; nor has it been so used in this circuit. It was not intended that the "mockery of justice" standard be taken literally, but rather that it be employed as an embodiment of the principle that a petitioner must shoulder a heavy burden in proving unfairness.

Nonetheless, applying the "mockery of justice" standard as interpreted in McQueen to the facts of the present case it is clear that Ms. Hager was not denied effective assistance of legal counsel. It should be noted initially that unlike McQueen and Garton v. Swenson, supra, the appellant here does not attack her trial attorney's *preparation* of the case. Rather, she asserts that he made mistakes in the *conduct* of the defense during the trial itself. However, this attack runs directly into the precept stated in Robinson v. United States, 448 F.2d 1255, 1256 (8th Cir. 1971), and expressly reaffirmed in McQueen, supra, 498 F.2d at 216, that in choosing trial tactics "the exercise of a defense attorney's professional judgment should not be second-guessed by hindsight . . . ." A wrong or poorly advised decision by a defense attorney is not alone enough to support a subsequent claim of ineffective counsel. Robinson v. United States, supra, 448 F.2d at 1256. Analysis of the arguments advanced by Ms. Hager indicate clearly that she is asking us to do what this Court has expressly refused to do—second-guess by hindsight the trial tactics utilized by the defense attorney.

In any event, we are not certain that the trial tactics chosen by Mr. Ullom were wrong. At the time of the trial Ms. Hager had at least six prior felony convictions. Mr. Ullom could easily foresee that if she took the witness stand to tell her own story, the prosecutor could and would inquire about these past convictions for impeachment purposes and that the jury might be swayed by this evidence in spite of any cautionary instructions. Instead of having Ms. Hager testify, he logically chose to allow her version of how she happened to have the stolen checks in her possession to come out through the testimony of the government witnesses regarding the exculpatory statements given to them by Ms. Hager. For this reason he did not challenge their admissibility on the grounds of the failure to give the *Miranda* warnings. Whether or not on hindsight this strategic decision was wise, we need not decide, but we certainly

cannot say that it alone shows ineffective assistance of counsel.

■ This same conclusion is applicable to appellant's contention that it was a tactical mistake for Mr. Ullom to admonish the jury during his opening argument to keep the evidence presented as to the first and second counts separate and distinct. In fact, it would normally be considered good practice to stress to the jury that the government must prove every element of every crime charged. ·

■ Finally, Ms. Hager asserts that her trial attorney blundered by not objecting to the allegedly improper comments made by the prosecutor. There is no merit to this argument for the reason that it is far from clear that the prosecutor's remarks were objectionable. It takes a great deal of twisting of the language used to conclude that the questions asked by the prosecutor and his statement that none of the government witnesses had given Ms. Hager permission to possess the check were indirect comments on the failure of the defendant to testify or were an effort to shift the burden of proof to the defendant. We are satisfied that the propounding of questions was merely a rhetorical device designed to stress the government's circumstantial evidence of guilty knowledge. And, at most, the statement regarding permission might be construed as a comment upon the defense's failure to call any witnesses to contradict the government's case—a comment the government is free to make, except where the defendant alone has the information to do so. United States v. Thompson, 490 F.2d 1218, 1221 (8th Cir. 1974).

■ Likewise, the interjection of the words "I think" into the prosecutor's statement that the evidence was overwhelming did not prejudice Ms. Hager. This is not a situation in which the prosecutor told the jury that he personally believed the defendant guilty, *see, e.*

*g.,* United States v. Kilpatrick, 477 F.2d 357, 360–361 (6th Cir. 1973), or in which he claimed that the government only prosecuted guilty individuals, *see, e. g.,* United States v. Chrisco, 493 F.2d 232, 237–238 (8th Cir. 1974). Rather, he simply expressed his opinion of the evidence which had been adduced. It is clear that a prosecutor may "comment on the evidence and the reasonable inferences that [can] be drawn therefrom." United States v. Lawson, 483 F.2d 535, 539 (8th Cir. 1973), cert. denied, 414 U.S. 1133, 94 S.Ct. 874, 38 L. Ed.2d 757 (1974). *See also,* United States v. Olsen, 487 F.2d 77, 83 (8th Cir. 1973), cert. denied, 415 U.S. 993, 94 S.Ct. 1594, 39 L.Ed.2d 890 (1974).

■ It is true that "even if based on the evidence, statements by counsel of their personal conviction of the merits of their client's cause should always be avoided." United States v. Benson, 487 F.2d 978, 981 (3d Cir. 1973). *See also,* United States v. LeFevre, 483 F.2d 477, 478–479 (3d Cir. 1973); ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function, Standard 5.8(b) (Approved Draft, 1971). However, it is equally true that "if based on the evidence, prosecutorial comments on the guilt of the accused are not reversible error per se." United States v. Benson, *supra,* 487 F.2d at 981. *See also,* United States v. LeFevre, *supra,* 483 F.2d at 479; United States v. Kilpatrick, *supra,* 477 F.2d at 360–361. Where, as here, the evidence of guilt was, in fact, "overwhelming," the prosecutor's use of the words "I think" did not inject reversible error into the proceedings.

For the foregoing reasons, it cannot be said that Ms. Hager's trial attorney was ineffective because he did not object to the prosecutor's remarks. We conclude that the appellant was not denied her right to effective assistance of counsel, and the judgment of conviction is affirmed.