Lowell COCHRELL, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36973.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 13, 1976.

Motion for Rehearing or Transfer to Court En Banc or Transfer to Supreme Court Denied May 17, 1976.

Application to Transfer Denied
July 12, 1976.

James C. Jones, Asst. Public Defender, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant Lowell Cochrell appeals denial of his 27.26 motion based on his contention of inadequate assistance of counsel. A jury had found Cochrell guilty of statutory rape and the trial court sentenced him as a second offender to 35 years' imprisonment. That conviction was affirmed on appeal. *State v. Cochrell*, 492 S.W.2d 22 (Mo.App. 1973).

At the original trial defense counsel attempted to draw from a police officer, the State's witness, a self-serving alibi statement made by the defendant. Because of defendant's prior convictions, counsel had decided not to adduce this exculpatory evidence by placing his client on the witness stand. The strategy backfired.

Defense counsel testified he had read the police report in the case which stated: "At this time Cochrell made the statement that he was drinking with an unknown Negro male at an unknown location on Kingshighway and that he was walking to work when stopped. He stated further he knew noth-ing about the incident." Hoping to elicit this statement from the police officer, defense counsel asked, "What did he [the defendant] say?" The response was, "He stated that he knew all this and he didn't like being stopped and he didn't want to make any statements at all because he had been through it before and they convicted him before . . . for the same thing . . . ." Counsel dropped this line of questions immediately trying not to emphasize its damaging effect.

Movant contends his conviction should be vacated because counsel ineptly prepared the case, failing to adequately investigate. Defense counsel testified he had not taken the policeman's deposition or interviewed him informally. This, because he did not want to alert the prosecution to his client's exculpatory remark in the police report. This was a matter of trial strategy. The Sixth Amendment right to counsel requires representation which will seriously strive to investigate and prepare a criminal defendant's case for trial, but failure to investigate a particular facet of a case does not per se constitute a violation of that principle. *Thomas v. State*, 516 S.W.2d 761[1] (Mo.App.1974). The question is whether the circumstances of the case warrant an investigation. *Floyd v. State*, 518 S.W.2d 700[11–12] (Mo.App.1975).

In this case defendant had told counsel he had made no statement to the police. We cannot fault defense counsel for relying on defendant's statement.

There is a "too prevalent idea that counsel is 'ineffective' in the constitutional sense unless he obtains an acquittal, and that hindsight should be the standard to determine the competency of counsel. In the preparation of a case a lawyer is not required to be clairvoyant, and he must of necessity rely on information furnished him by his client." *Johnson v. State*, 479 S.W.2d 416[6] (Mo.1972).

This case is similar to the situation in *Barker v. State*, 505 S.W.2d 448[9, 10] (Mo. App.1974). On that 27.26 motion, the movant contended vacating his conviction would

be proper because trial counsel failed to interview a particular patrolman or move for the disclosure of any exculpatory statements made by defendant. There, as in our case, defendant told his attorney he had made no statement to the police. The court affirmed the denial of the motion, saying "the fact that appellant's attorney was surprised by testimony of the incriminating statement was due to the understandable reliance upon what his client, the appellant, had told him."

*Thomas, supra,* relied upon by movant, is factually dissimilar in that the defendant there did make his attorney aware of facts requiring investigation.

Judgment affirmed.

DOWD and STEWART, JJ., concur.