Lonnie Ray FRANKLIN, Appellant,

v.

Donald WYRICK, Warden, Appellee.

No. 75–1140.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1975.

Decided Jan. 8, 1976.

Certiorari Denied May 3, 1976.
See 96 S.Ct. 1747.

---

Kenneth S. Kochmann, St. Louis, Mo., for appellant.

Neil MacFarlane, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

Lonnie Ray Franklin, a Missouri state prisoner, appeals from an order of the district court dismissing his petition for habeas corpus relief without an evidentiary hearing. We affirm.

In October, 1970, petitioner Franklin was convicted of first degree murder in Missouri state court. He did not directly appeal his conviction. In March, 1971, petitioner filed a motion to vacate the judgment and sentence under Mo.R. Crim.P. 27.26. He alleged, *inter alia*, that his trial counsel was unconstitutionally ineffective and that he was unconstitutionally denied his right of appeal. After an extensive hearing, the motion was denied. Petitioner thereupon, appealed this denial to the Missouri Supreme Court. The supreme court affirmed the finding of the state trial court that Franklin was not denied effective assistance of counsel but remanded for a hearing to determine whether petitioner voluntarily and intelligently waived his right of appeal.[1]

On remand, the trial court determined that petitioner had voluntarily and intelligently waived his right of appeal. The Missouri Court of Appeals affirmed. *Franklin v. State*, 529 S.W.2d 954 (Mo. Ct.App., Filed Nov. 12, 1975). At the time of oral argument petitioner had not sought review of this judgment in the Supreme Court of Missouri.

On May 17, 1974, petitioner filed the instant habeas action alleging the same points raised in his motion to vacate. This action was filed after the state hearing on remand, but before review by the Missouri Court of Appeals.

---

1. *Franklin v. State*, 501 S.W.2d 166 (Mo.1973). The incident which gave rise to this proceeding is discussed in some detail in the opinion of the Missouri Supreme Court. No useful purpose would be served by repeating that discussion here. It is sufficient to say that the incident occurred shortly after a barroom altercation. The petitioner admitted that he shot the victim but claimed self-defense.

We discern three issues on this appeal: 1) whether petitioner has failed to exhaust state remedies with respect to his claim that he was unconstitutionally deprived of his right of appeal; 2) whether petitioner was entitled to an evidentiary hearing in district court; and 3) whether petitioner was denied effective assistance of counsel in violation of the sixth and fourteenth amendments. We discuss these points seriatim.

## I. Exhaustion of State Remedies.

■ Petitioner argues that he was denied his right of appeal because he was never advised that, assuming he was an indigent, he was entitled to have appointed counsel prosecute an appeal in his behalf. Petitioner's claim is premature however since he has failed to exhaust available state remedies in this regard.

At the close of the post-conviction proceeding, the state trial court made no finding of fact on the appeal issue. The Missouri Supreme Court took note of this and remanded for further evidence. On remand, the state trial court determined that petitioner had indeed voluntarily and intelligently waived his right of appeal. The Missouri Court of Appeals affirmed this finding. However, the Missouri Supreme Court has not been given the opportunity to review this determination. In fact, petitioner filed this habeas action in federal court more than a year before the Missouri Court of Appeals reviewed the appeal issue after remand.[2] Thus at the time pertinent to our inquiry, petitioner had not sought any appellate review of the trial court's determination on remand.

■ It is well settled that under 28 U.S.C. § 2254(b) and (c) all available state remedies must be exhausted before a writ of habeas corpus may issue. Specifically, a state prisoner may not deliberately bypass any available appeal to the highest state court. *Goham v. Wolff*, 471 F.2d 52, 55 (8th Cir. 1972), *cert. denied*, 414 U.S. 834, 94 S.Ct. 174, 38 L.Ed.2d 69 (1973); *Williams v. Missouri Department of Corrections*, 463 F.2d 993, 995 (8th Cir. 1972); *Blackwell v. Wolff*, 454 F.2d 48, 50 (8th Cir. 1972). Petitioner has failed to exhaust this available remedy of state appellate review. We emphasize however that our decision is without prejudice to petitioner's right to pursue this claim in federal court if and when relief is sought from and denied by the Missouri Supreme Court.

## II. Evidentiary Hearing.

Petitioner next argues that the district court erred in not holding an evidentiary hearing on the issue of ineffective counsel. He also argues that he is entitled to a full evidentiary hearing before this court for a redetermination of the self-defense claim. Both contentions are wholly without merit.

■ The record clearly reflects that the petitioner received a full and fair state court hearing on the claim that his trial counsel was ineffective. We find no procedural irregularity under section 2254(d)(1–8) and *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Under such circumstances, the district court " * * * was not compelled to hold a *de novo* evidentiary hearing." *Jones v. Swenson*, 469 F.2d 535, 537 (8th Cir. 1972), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2756, 37 L.Ed.2d 156 (1973); *see also Tyler v. Swenson*, 427 F.2d 412, 415 (8th Cir. 1970).

## III. Effectiveness of Counsel.

The substance of petitioner's habeas claim is that he was denied effective assistance of counsel in violation of the sixth and fourteenth amendments. We find that the petitioner was not denied his rights in this regard.

---

**2.** The case was remanded by the Missouri Supreme Court on November 12, 1973. On December 6, 1973, the state trial court found that petitioner had in fact voluntarily and intelligently waived his right of appeal. Petitioner filed this habeas action on May 17, 1974, in federal district court. The Missouri Court of Appeals affirmed the state trial court's finding as to waiver on November 12, 1975.

The crucial issue at trial was whether petitioner shot the victim, one James Riehl, deliberately or in self-defense. In his opening statement, the prosecutor remarked that the testimony of the coroner would show that the fatal bullet entered the back of the victim's head thus negating petitioner's claim of self-defense. In fact, the coroner's report, which was available before trial, stated that the bullet entered the victim's left eye. The coroner testified at trial that the bullet did indeed enter the front of the victim's head. The prosecutor admitted in closing argument that he had erroneously believed before the coroner's testimony that the victim was shot in the back of the head. Petitioner claims that he was denied effective counsel because his trial counsel purportedly failed to investigate the matter thoroughly and failed to object to the testimony of a police officer that the bullet entered the back of the victim's head.

Petitioner's trial counsel testified during the state post-conviction proceeding that he had read the coroner's report. He testified further that instead of directly attacking the prosecution on this point, he attempted to cloud the issue hoping to raise a reasonable doubt in the minds of the jurors. He stated:

I thought it would raise a great presumption or a great amount of reasonable doubt if a prosecutor's opening statement was in variance with his testimony.

■ This circuit continues to follow the "mockery of justice" standard in determining whether trial counsel was so ineffective as to deny a fair trial to a criminal defendant. *DeBerry v. Wolff*, 513 F.2d 1336, 1340 |(8th Cir. 1975); *Johnson v. United States*, 506 F.2d 640, 646 n.9 (8th Cir. 1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 659 (1975); *United States v. Hager*, 505 F.2d 737, 739 (8th Cir. 1974).

The rule applicable is that a charge of inadequate representation can prevail "only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court." (Citation omitted.)

*Cardarella v. United States*, 375 F.2d 222, 230 (8th Cir.), *cert. denied*, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967); *see also United States v. Hager, supra*, 505 F.2d at 739; *Garton v. Swenson*, 497 F.2d 1137, 1139 (8th Cir. 1974). The "mockery of justice" standard is not an impenetrable obstacle however. As Judge Bright stated in *McQueen v. Swenson*, 498 F.2d 207, 214 (8th Cir. 1974):

Stringent as the "mockery of justice" standard may seem, we have never intended it to be used as a shibboleth to avoid a searching evaluation of possible constitutional violations; nor has it been so used in this circuit. It was not intended that the "mockery of justice" standard be taken literally, but rather that it be employed as an embodiment of the principle that a petitioner must shoulder a heavy burden in proving unfairness.

We have greatly limited our review of trial counsel's choice of tactics at trial. * * * [I]n choosing trial tactics "the exercise of a defense attorney's professional judgment should not be second-guessed by hindsight * * *." A wrong or poorly advised decision by a defense attorney is not alone enough to support a subsequent claim of ineffective counsel.

*United States v. Hager, supra*, 505 F.2d at 739, *quoting from, McQueen v. Swenson, supra*, 498 F.2d at 216; *see also Johnson v. United States, supra*, 506 F.2d at 645.

■ After the post-conviction hearing, the state trial court found that petitioner was afforded effective assistance of counsel and that the trial did not become a mockery, farce or sham in any respect. The plain implication is that the trial judge credited defense counsel's testimony to the effect that he read the coroner's report and decided to use the prosecutor's misstatement later at trial. Interest of comity require us to credit such a finding where, as here, a state trial

judge has conducted a full and fair post-conviction proceeding. *See Tyler v. Swenson, supra,* 427 F.2d at 414–415; *In re Parker (Erickson),* 423 F.2d 1021, 1024–1025 (8th Cir.), *cert. denied,* 398 U.S. 966, 90 S.Ct. 2182, 26 L.Ed.2d 551 (1970).

Counsel's conduct was, in our view, a calculated trial tactic. The variance between the opening remarks of the state and the coroner's testimony could well have shattered the prosecution's credibility throughout the trial.

Even assuming, *arguendo,* that trial counsel did not read the coroner's report before trial, we fail to understand how petitioner was prejudiced by such failure. The prosecution admitted in closing argument that, in light of the coroner's testimony, he erred in initially stating that the bullet entered the back of the victim's head. Thus the correct point of entry was before the jury for resolution of the self-defense issue.

The order of the district court dismissing petitioner's habeas corpus action is affirmed.