**Lowell COCHRELL, Petitioner,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.**

No. 76–548 C (2).

United States District Court, E. D. Missouri, E. D.

Aug. 20, 1976.

Lowell Cochrell, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM OPINION

REGAN, District Judge.

This petition for a writ of habeas corpus alleges as the sole ground for relief a claim of ineffective representation of counsel.

Petitioner was convicted in the Circuit Court of the City of St. Louis, upon trial to a jury of the crime of rape and was thereafter, on March 10, 1972, sentenced under the Missouri Second Offender Act to a term

of 35 years imprisonment. The conviction was affirmed on appeal. *State v. Cochrell,* 492 S.W.2d 22 (Mo.App.1972). Subsequently, petitioner filed a motion under Missouri Supreme Court Rule 27.26 to vacate the judgment and sentence. After an evidentiary hearing at which both petitioner and the attorney testified, the Rule 27.26 motion was denied. An appeal from the denial was unsuccessful. *Cochrell v. State,* 537 S.W.2d 584 (Mo.App.1976). State remedies have been exhausted.

In response to our order to show cause, respondent has filed, in addition to the briefs and opinions in the state litigation, copies of both the trial transcript and the transcript of the Rule 27.26 hearing and the findings of the court in denying the motion. There can be no question but that petitioner received a full, fair and adequate hearing in the Rule 27.26 proceeding at which he was represented by counsel. The factual issue here involved was resolved adversely to petitioner on the basis of evidence which fairly supports such factual determination. Not only has petitioner failed to sustain his burden under Section 2254(d), 28 U.S.C., of establishing that the factual determination by the State court was erroneous, but our own independent review of the record has convinced us that such determination was correct.

The claim of ineffective representation pertains to one question counsel asked on cross-examination of an arresting officer which elicited an answer wholly unforeseen. It is the position of petitioner that had counsel interviewed the officer in advance of his trial appearance, the matter would not have been alluded to. As appears infra, the contention relates both to counsel's preparation and trial tactics. However, there is no contention or evidence that counsel did not otherwise adequately prepare for the defense of his client. We turn, then, to the specifics of petitioner's claim.

Petitioner had previously been convicted of the offense of assault with intent to ravish with malice and sentenced on July 10, 1970 to two years imprisonment. He was allowed four months jail time. The rape of which petitioner was convicted occurred September 25, 1971. Because of the prior conviction and the nature of that offense, petitioner voluntarily decided after consultation with counsel, that he would not testify and thereby preclude the prosecution from commenting on the conviction. Other than the testimony of the victim, who positively identified petitioner as the man who had forced her to remain in his presence for about an hour and a half during which the sexual assaults took place, there were no witnesses directly connecting petitioner with the offense. Within minutes after the police were notified, petitioner was arrested about a block from the scene of the crime on the basis of the description furnished to them and was at once identified as the assailant. On cross-examination of the prosecutrix, counsel developed discrepancies between the description of the clothing worn by the rapist and that which petitioner was wearing when arrested.

At the time of his arrest petitioner explained his presence in the area by stating to the officer that he was on his way to work, and petitioner had so informed counsel of this statement (after first denying that he had made any statement). The state court found, on conflicting testimony, and we agree, that petitioner had further assured his attorney that he had made no other statements to the police. A copy of the police report which had theretofore been furnished to counsel contained the following exculpatory statement: "At this time Cochrell made the statement that he was drinking with an unknown Negro male at an unknown location on Kingshighway and that he was walking to work when stopped. He further stated he knew nothing about the incident." No other statement by petitioner was alluded to in the police report. In fact, the trial transcript makes it evident that even the prosecution was unaware that the police report was not complete in this respect. It is in this context that the claim of ineffective representation must be considered.

In view of petitioner's decision not to testify, counsel deemed it of importance to

bring before the jury this exculpatory evidence. Hence, when the arresting officer testified for the prosecution (without alluding to any statement whatever), defense counsel first asked the police officer if petitioner had told him the location of his place of employment. The State's objection to the question was sustained, following which a conference was held at the bench at which the trial judge ruled that no statements of the petitioner could be brought out absent a prior showing that the *Miranda* warnings had been given. The prosecutor persisted in objecting to any testimony concerning petitioner's exculpatory statement as follows:

> "Well, if I can make an offer of proof just for the purpose of the record perhaps we can save some time. Upon the defendant's motion I provided him with a copy of the *entire* statement which was made at the time. Now, *I assure the Court that there isn't any further statement that's to be made.* This statement is in essence exculpatory. It's a denial but more than that except for—he says, 'I'm going to work.' *This is the extent of the statement.* I think this constitutes an entirely self-serving statement, so even presuming that the Miranda ruling had been complied with, which I presume it has been, the statement, I think, is still inadmissible on the grounds it's self-serving. So, I think if I can show the Court what information that Mr. Luber intends to elicit could perhaps save the necessity of a Miranda hearing because the ruling, I think, still would be it's self-serving hearsay and, therefore, it should be excluded on that ground."

The objection was overruled, and after counsel established that petitioner had been advised of his rights, the record shows that the cross-examination continued as follows:

> "Q. What did he say?
> A. He stated that he knew all this and that he didn't like being stopped and that he didn't want to make any statements at

all because he had been through it before and they convicted him before, and I asked him what did he mean by 'convicted him before'. He said, 'For the same thing.'
> Q. Did Mr. Cochrell give you his reason for being in the neighborhood?
> A. He said he was drinking with a few friends and that he was on his way to work.
> Q. That he was on his way to work?
> A. I asked him—
> Q. Pardon? Did he tell you where he worked?
> A. Said he worked at a catering company on Manchester. I asked him which one. He said the one by Newstead and Manchester. I asked him what was the address and he said he didn't know the address, and then he showed me a check stub.
> Q. And, what did the check stub say?
> A. Showed that he worked right across the street from where we locked him up at which was around Sarah and Manchester."

The question on which petitioner bases his claim of ineffective representation (and which elicited the unexpected response) is "What did [petitioner] say?" It is important to note that immediately before the State objected and the judge called for a conference at the bench defense counsel had asked the witness: "Did [petitioner] tell you where he worked?" But for the objection, there can be no doubt that the "What did he say?" question would never have been asked. The interruption of counsel's train of thought before the witness answered unquestionably resulted in the perfectly innocent change of phraseology which precipitated this litigation.

Under the circumstances, defense counsel cannot be faulted for failing to interview or depose the officer in advance of the trial.[1] Of course, in the light of hindsight it would have been preferable if, instead of asking "What did [petitioner] say?", counsel had

1. Counsel testified that one reason he did not do so was his desire not to alert the prosecution to his client's exculpatory remark in the police report. This was a matter of trial strategy.

either repeated his original question, "Did [petitioner] tell you where he worked?" or resumed his interrupted interrogation with the question immediately following: "Did [petitioner] give you his reason for being in the neighborhood?" The subject of "convicted him before . . . for the same thing" was immediately dropped and was not thereafter alluded to either in the testimony or in the argument of counsel.

 It is, of course, impossible to assess what effect, if any, the answer of the police officer had upon the jury. We seriously doubt that the jury was prejudiced thereby. However, the sole issue before us is simply whether by asking the question "What did he say" without having previously interviewed or deposed the witness, the performance of defense counsel was below the standard of reasonable professional competence. We have no hesitancy in concluding as did the state courts that it was not.

This case is wholly unlike *McQueen v. Swenson*, 498 F.2d 207 (8 Cir. 1974) where there was a total lack of any pretrial investigation other than an interview of the defendant himself, and the defendant's contention was that a reasonable investigation could have uncovered helpful, admissible, evidence. Here, the contention is that an interview of the officer might have uncovered the allegedly damaging statement, even though counsel could not reasonably have anticipated the necessity of such an investigative procedure. Also dissimilar is the case of *Garton v. Swenson*, 497 F.2d 1137 (8 Cir. 1974) in which the attorney failed to request a continuance in order to seek the attendance at trial of certain alibi witnesses. Cf. *United States v. Hager*, 505 F.2d 737 (8 Cir. 1974).

 The standard for determining a claim of ineffectiveness of counsel which has for years been applied in the Eighth Circuit is stated as follows in *Cardarella v. United States*, 375 F.2d 222, 230 (8 Cir. 1967):

"[A] charge of inadequate representation can prevail 'only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court.'"

Other statements of the applicable standard are referred to in *Garton*, supra, which focus upon whether the defendant has received a fundamentally fair trial. Many circuits word the test for determining the constitutional adequacy of counsel in terms of whether the defendant received reasonably competent assistance of counsel. In our judgment, the professional conduct of petitioner's counsel was fully adequate under either test. Accordingly, petitioner is not entitled to a writ of habeas corpus.