**Joe HARDIN, Petitioner,**

v.

**Gary LIVESAY, etc., et al.,
Respondents.**

**Civ. A. No. 3:87–0772.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 15, 1987.

On Motion to Dismiss Jan. 4, 1988.

On Motion to Vacate Jan. 25, 1988.

On the Merits April 27, 1988.

Joe Hardin, Pikeville, Tenn., pro se.

Kathy M. Principe, Jerry Smith, Asst. Attys. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, Sitting by Designation and Assignment.

The petitioner Mr. Joe Hardin applied *pro se* for the federal writ of habeas corpus, claiming he is in the custody of the respondent-warden pursuant to a judgment of conviction of an undetermined date[1] of the Criminal Court of Tennessee for its 23rd judicial district (encompassing Cheatham County) in violation of the federal Constitution, Fifth Amendment, Double Jeopardy Clause; Sixth Amendment, Right to the Assistance of Counsel Clause and Right to Confrontation Clause; Eighth Amendment, Right Against Cruel and Unusual Punishment Clause; and Fourteenth Amendment § 1, Right to the Due Process of the Law Clause. 28 U.S.C. §§ 2241(c)(3), 2254(a). He claims that he has exhausted his available state-remedies by presenting his claims herein to the Supreme Court of Tennessee. 28 U.S.C. § 2254(b).

Mr. Hardin contends that he was subjected to double jeopardy because, after his jury announced its verdict in his action, his trial Court gave his jury further instructions on pertinent portions of the law and directed it to return to the jury room for further deliberation. "No person * * * shall be subject for the same offense to be twice put in jeopardy of life or limb * * *." Constitution, Fifth Amendment, *supra*.

Mr. Hardin claims also that he was denied his federal right to the assistance of counsel when his trial counsel was ineffective in several particulars. His right to the assistance of counsel is his right to the effective assistance of competent counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449[10], 25 L.Ed.2d 763 (1970).

He claims additionally that his federal right to confront the witnesses against him was denied when his trial Court interfered with the defense counsel's cross-examination. "In all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." Constitution, Sixth Amendment, *supra.*

Mr. Hardin claims further that the sentence he received was disproportionate to the crime of which he was convicted. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Constitution, Eighth Amendment, *supra.* If Mr. Hardin's sentence is so excessive as to amount to cruel and unusual punishment, he may have grounds for relief.

Mr. Hardin contends also that he was denied his federal right to the due process of the law because (1) the prosecuting attorney made reference to his prior sexual misconduct with his older daughter after having been instructed by his trial Court

---

1. In his petition herein Mr. Hardin claims that the date of such judgment of conviction is March 9, 1987. This appears to be incorrect, in that he also claims that his appeal of such judg- ment of conviction was decided on March 29, 1985 and that his post-conviction petition was denied on February 3, 1986.

not to make such a reference; (2) his trial Court admitted into evidence erroneously proof of his 23–year–old conviction; and (3) there was insufficient evidence to support his conviction.[2] "No State shall * * * deprive any person of * * * liberty * * * without due process of law * * *." Constitution, Fourteenth Amendment, *supra.* " * * * * 'A fair trial in a fair tribunal is a basic requirement of due process.' * * * *" *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642[3], 6 L.Ed.2d 751 (1961). Furthermore, "an essential of the due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787[6], 61 L.Ed.2d 560 (1979).

As it does not appear plainly on preliminary consideration of the face of the applicant's petition that he is not now entitled to relief in this Court, Rule 4, rules—§ 2254 Cases, it hereby is

ORDERED that the respondent-warden file an answer in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served forthwith by the clerk of this Court by certified mail on the respondent-warden and the attorney general and reporter of Tennessee. Rule 4, Rules—§ 2254 Cases. (The noticed slow movement of the mail provides good cause for the additional time allowed. 28 U.S.C. § 2243; Rule 81(a)(2), F.R.Civ.P.)

Should it be the respondent's contention that the petitioner has not exhausted his available state-remedies, he may limit his answer to such issue, in which event the Court will consider first the exhaustion-matter, and thereafter will allow the respondent additional time in which to file a

supplemental answer addressing the merits of the petition, as may be indicated.

## ON MOTION TO DISMISS

 The respondent-warden answered, *see* order herein of October 15, 1987 and moved this Court to dismiss the petition herein for the failure of the petitioner to have exhausted his available state remedies. Such motion is meritorious.

Mr. Hardin's due-process claims herein of prosecutorial misconduct and insufficiency of the evidence and his claim that he was denied his federal right of confrontation of witnesses against him were presented on direct appeal to the Court of Criminal Appeals of Tennessee; however, such claims were not presented to the Supreme Court of Tennessee. "Preliminary to seeking relief in a federal district court by virtue of 28 U.S.C. § 2241 et seq., a state prisoner must show that the state's highest court has been afforded the opportunity to pass upon the assertions of constitutional deprivation." *Williams v. Missouri Department of Corrections,* 463 F.2d 993, 995[1] (8th Cir.1972). These claims, therefore, are unexhausted.

Furthermore, Mr. Hardin's claims, that he was subjected to double jeopardy and cruel and unusual punishment and his claim that he was denied the due process of the law when proof of a 23–year–old conviction was admitted into evidence against him at his trial, are all unexhausted also. Mr. Hardin attempted to present such claims to the state Courts by way of post-conviction proceedings.

The Court of Criminal Appeals found, however, that it was precluded from considering such claims due to Mr. Hardin's procedural default of having failed to raise them on direct appeal. "[A]ny prisoner bringing a constitutional claim to the federal courthouse after a state procedural de-

---

**2.** Mr. Hardin claims also herein that he was denied his federal right to the due process of the law because the Court reviewing his post-conviction petition refused to address all of the issues presented, thereby depriving him of his right to appeal those issues and because his trial Court refused to rule on the issue of the prosecutrix's

willing participation, again thereby depriving him of his right to appeal such issue. These allegations relate to matters of exhaustion and do not constitute a constitutional attack on his judgment of conviction. The Court, therefore, will not consider such claims.

fault must demonstrate cause and actual prejudice before obtaining relief." *Engle v. Issac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–1573[10], 71 L.Ed.2d 783 (1982). Neither such cause and prejudice has been alleged herein.

Mr. Hardin's claim of ineffective assistance of counsel, likewise, has not been exhausted in the courts of Tennessee. Although such claim was presented to both the Court of Criminal Appeals of Tennessee and the Supreme Court of Tennessee, he alleges herein facts in support of the claim which were not alleged in those Courts.

Mr. Hardin claims herein that his attorney was ineffective when he failed to:

1. properly investigate the case,

2. properly prepare an alibi defense,

3. obtain a medical statement that would aid in his defense, and

4. utilize a transcript of the prosecutrix's statements.

Only the factual allegations contained in 1 and 2, *supra,* were presented to Tennessee courts. "The state courts must have had an opportunity to pass on the claim 'in light of a full record' * * * and where the factual basis for a claim was not presented to the state courts, the claim is unexhausted." *Jones v. Hess,* 681 F.2d 688, 694[3] (10th Cir.1982). Accordingly, the motion of the respondent for a dismissal of the petition hereby is

GRANTED, and the instant application of the petitioner hereby is DENIED.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R. Civ.P., he is authorized to proceed on such appeal *in forma pauperis.* Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P., which will NOT issue because of the petitioner's clear failure to have exhausted all his available state remedies.

* Although Mr. Hardin presented these claims separately to this Court, they were presented together, as one claim, to the Court of Criminal

## ON MOTION TO VACATE

The petitioner moved this Court to vacate or set-aside its judgment of January 4, 1988, dismissing his application for the writ of habeas corpus herein for the failure of the petitioner to have exhausted his available state-remedies. He makes such a request "in order that he may file a petition setting forth the exact issues he presented [to] the state courts."

Mr. Hardin may file such a petition without such vacation or setting-aside. When this Court dismissed his petition herein, he was left "with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982).

The motion herein is DENIED.

The petitioner's motion for the appointment of counsel is also DENIED.

## ON THE MERITS

■ The respondent has now addressed the merits of the petition herein, *see* order herein of February 19, 1988. It appearing that an evidentiary hearing is not required, this Court proceeds to "make such disposition of the petition as justice shall require." Rule 8, Rules—§ 2254 Cases.

In its order, *supra,* the Court required the respondent to answer Mr. Hardin's allegations, that he was denied the effective assistance of counsel because his trial counsel: (1) failed to investigate properly his case, and (2) failed to properly prepare an alibi defense by filing a bill of particulars, showing that an alibi defense was being advanced, thus causing the waiver of such issue on appeal. After a further review of the record, it now appears to the Court that the two claims should be considered together, as the alleged failure to investigate relates to the alleged failure to advance the alibi defense.*

Appeals of Tennessee and, in that *pro se* petitions are held " * * * to less stringent standards than formal pleadings drafted by lawyers

A post-conviction hearing was held, the conclusion of which a Court of Tennessee held as follows:

. There was an allegation made in the petition that * * * [defense counsel] didn't look into the alibi defense. And he has testified to the contrary. He interviewed all the witnesses that were proposed to be an alibi defense, investigated the entire case, and the truth of the matter was they simply could not support an alibi defense.

Counsel is not charged with the duty of manufacturing a defense where none exists. He is charged with the duty of investigating—and he said he did that. And he has explained what he did, and why the defense could not be supported.

Mr. Hardin presented also his issue herein to the Tennessee Court of Criminal Appeals. Such Court held that:

"The record is clear that the [trial] Court did not hold that an [alibi] instruction was not warranted because of counsel's failure to file a notice. Rather, the Court so held simply because the evidence did not support an alibi defense. This issue, therefore, is without merit."

These findings are presumed correct, 28 U.S.C. § 2254(d), as none of the conditions of sub–§'s (1)–(8), inclusive, are claimed by the petitioner.

Mr. Hardin's trial-counsel investigated the possibility of advancing an alibi-defense, but made the tactical decision not to so advance such a defense. Ineffective assistance of counsel cannot be found "on the basis of the attorney's trial decisions such as the calling of witnesses in investigation of possible defenses, when the decisions are based on valid tactical consideration. The rationale behind this policy is that the 'exercise of defense attorney's professional judgment should not be second guessed by hindsight.'" (Footnote references omitted). *Orr v. Schaeffer*, 460 F.Supp. 964, 968[5], (D.C.N.Y.1978).

Furthermore, as is evidenced by the above-quoted finding, the Court of Criminal

Appeals of Tennessee addressed this claim of the petitioner on appeal. Thus, there is no merit to Mr. Hardin's contention, that such claim was considered waived on appeal because of his trial-counsel's ineffectiveness.

This Court FINDS that Mr. Hardin was "represented by 'counsel reasonably likely to render and [who] render[ed] reasonably effective assistance." (Citations omitted). *United States v. LaRiche*, 549 F.2d 1088, 1095[11] (6th Cir.1977), *cert. den.*, 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977). The petitioner Mr. Joe Hardin therefore is

DENIED all relief. Judgment to that effect will be entered by the clerk, Rule 58(1), F.R.Civ.P.

Should the petitioner give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed *in forma pauperis*. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable-cause, Rule 22(b), F.R.App.P., which WILL issue because of the legal issues implicated herein. *Id.*

The petitioner's motion for the appointment of counsel hereby is DENIED.

---

* * *," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596[2], 30 L.Ed.2d 652 (1972), *reh. den.*, 405 U.S. 948, 520, 92 S.Ct. 963, 30 L.Ed.2d

819 (1972), this Court interprets such petition as presenting one allegation of constitutionally-ineffective assistance of counsel.