_____

No. 96-2111
_____

Lowell Cochrell,                        *
                                        *
        Petitioner-Appellant,           *
                                        *
    v.                                  *  Appeal from the United States
                                        *  District Court for the Eastern
James Purkett,                          *  District of Missouri.
                                        *
        Respondent-Appellee.            *


_____

        Submitted:  January 17, 1997

        Filed:  May 7, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, ROSS and BEAM, Circuit Judges.

_____

ROSS, Circuit Judge.


    Appellant Lowell Cochrell seeks reversal of the district court's[1] denial of his habeas corpus petition on the ground that his claim was barred as successive and that he failed to demonstrate cause to excuse the successive claim.  We affirm.


                                I.


    Appellant was convicted of rape and was sentenced to 35 years imprisonment as a second-time offender.  The Missouri Court of Appeals affirmed appellant's conviction and sentence.  State v.

_____

    [1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

Cochrell, 492 S.W.2d 22 (Mo. Ct. App. 1973). On May 13, 1973, appellant filed his first federal habeas corpus petition, alleging that the identification by the victim was the result of suggestive procedures and that an improper jury instruction was given. In an unpublished opinion the federal district court denied the petition on the merits.

Appellant then returned to state court and filed a motion for state post-conviction relief under Missouri Supreme Court Rule 27.26, on August 9, 1974. Following an evidentiary hearing, the state court denied the post-conviction motion. Appellant appealed the denial of the Rule 27.26 motion, raising the single claim for relief that trial counsel had been ineffective for failing to interview Patrolman Gavin, the arresting officer, prior to trial. Appellant argued that because trial counsel was inadequately prepared for cross-examination of the officer's testimony, counsel inadvertently opened the door to damaging testimony concerning appellant's statements about a prior conviction for rape. On April 13, 1976, the Missouri Court of Appeals affirmed the denial of the Rule 27.26 motion, finding that counsel's decision not to interview Gavin was a matter of trial strategy. Cochrell v. State, 537 S.W.2d 584, 585 (Mo. Ct. App. 1976).

Thereafter, appellant filed a second federal habeas corpus petition on June 1, 1976, alleging that trial counsel was ineffective for failing to interview Patrolman Gavin prior to trial. The district court denied the petition on the merits, concluding that trial counsel was not ineffective. Cochrell v. Wyrick, 420 F. Supp. 658, 661 (E.D. Mo. 1976). Appellant did not appeal this decision.

On August 12, 1991, appellant filed his third federal habeas petition, again raising the claim that counsel was ineffective for failing to interview Patrolman Gavin prior to trial. The district court denied the habeas petition on the ground that the claim was

barred as successive because it had been addressed pursuant to appellant's previous petition.

On appeal, appellant now contends that the claim of ineffective assistance in his second habeas petition was examined under the "farce and mockery" standard used prior to the standard adopted by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). As such, appellant argues that the district court erroneously ruled his ineffective assistance claim was successive because the claim was never reviewed under the prevailing legal standard announced in Strickland. He thereby urges that he has demonstrated good cause to excuse the successive nature of his claim.

## II.

After a state prisoner's first federal habeas petition has been decided, federal courts generally cannot consider the merits of claims raised in the prisoner's later federal habeas petitions. Instead, federal courts must usually dismiss claims raised in subsequent petitions as successive or abusive. A successive claim raises a ground heard and decided on the merits in a previous petition, whereas an abusive petition raises new claims that were available but were not relied upon in a prior petition. Schlup v. Delo, 115 S. Ct. 851, 863 n.34 (1995). In order to have the merits of a successive or abusive claim reviewed by a federal court, the petitioner must demonstrate either cause and prejudice or actual innocence. Sawyer v. Whitley, 505 U.S. 333, 338-39 (1992).

Appellant's claim of ineffective assistance was rejected on the merits in appellant's second habeas petition. At that time, the Eighth Circuit reviewed ineffective assistance claims under the "farce and mockery" standard. See Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967). Before relief could be granted under that standard, the court had to find that counsel's acts or

-3-

omissions made the proceedings a farce and a mockery of justice, shocking to the conscience of the court.  Id.

Following the denial of his second habeas petition, the Supreme Court handed down Strickland v. Washington, establishing an objective reasonableness performance standard for ineffective assistance of counsel claims.  While appellant is correct that the performance standard changed following the denial of his habeas petition, that change cannot constitute cause in the present action because appellant's claim was reviewed under essentially the same test which was later announced in Strickland.

In rejecting appellant's second habeas petition in 1976, the district court observed that other circuits "word the test for determining the constitutional adequacy of counsel in terms of whether the defendant received reasonably competent assistance of counsel.  In our judgment, the professional conduct of petitioner's counsel was fully adequate under either test." Cochrell v. Wyrick, 420 F. Supp. at 661.  The district court in the present case concluded that because the previous court reviewed counsel's performance under essentially the same standard adopted in Strickland and found it adequate, there is no need to review the merits of the claim again.  We agree with the district court.  This conclusion is buttressed by language from Strickland:

> To the extent that this [new standard] has already been the guiding inquiry in the lower courts, the standards articulated today do not require reconsideration of ineffectiveness claims rejected under different standards.  In particular, the minor differences in the lower courts' precise formulations of the performance standard are insignificant:  the different formulations are mere variations of the overarching reasonableness standard.

Strickland, 466 U.S. at 696-97 (citation omitted).  Because appellant's claim was reviewed under essentially the same test

which was later adopted in <u>Strickland</u>, no good cause exists for another review of the claim.  The district court did not err in concluding that the claim is barred as successive.[2]

III.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We note that, as an alternative holding, the district court below analyzed appellant's claim of ineffective assistance of counsel under the <u>Strickland</u> standard and found it to be without merit.  We agree with the district court that appellant has failed to establish that counsel performed deficiently by choosing not to interview the arresting officer prior to trial.