United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3601

_____

Paul A. Harris,                          *
                                         *
        Appellant,                *
                                         *
Appeal from the United States
    v.                                   *
District Court for the
                                         *
Eastern District of Arkansas.
Larry Norris, Director, Arkansas                              *
Department of Correction,     *          [UNPUBLISHED]
                                         *
        Appellee.                 *

_____

Submitted:  November 3, 1997
Filed:  November 6, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

    Paul A. Harris, an Arkansas prisoner, appeals the District Court's[1] dismissal of his second 28 U.S.C. § 2254 (1994)[2] petition as an abuse of the writ.  See Cochrell v.

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994).

[2]Because Harris's petition was filed in 1995, we do not apply 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996,

Purkett, 113 F.3d 124, 126 (8th Cir. 1997) (noting that abusive petition raises new claims that were available but not raised in prior petition; merits of abusive claims are unreviewable absent showing of either cause and prejudice or actual innocence) (citations omitted). While we agree with Harris that a novel legal claim may constitute cause, see Heffernan v. Norris, 48 F.3d 331, 333 (8th Cir. 1995), the legal argument Harris advances is not novel and was available to Harris during the pendency of his first § 2254 petition, see Jackson v. Norris, 105 F.3d 405, 406 (8th Cir.), cert. denied, 118 S. Ct. 125 (1997).

We thus find no abuse of discretion in dismissing Harris's § 2254 petition, see Nachtigall v. Class, 48 F.3d 1076, 1079 (8th Cir. 1995) (standard of review), and we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

Pub. L. No. 104-132, 110 Stat. 1214. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997) (holding AEDPA applicable only to cases filed after its enactment).