## THE STATE v. C. C. SMITH, Appellant.

**Division Two, May 20, 1913.**

1. **EVIDENCE: Cross-Examination of Character Witness: Similar Acts.** It was proper on cross-examination of the defendant's character witness, to require him to state whether he had heard talk to the effect that defendant, on trial for assault with intent to rape, had been involved in similar trouble with other girls.

2. **———: Of Similar Offense: Incompetent.** Testimony that a defendant, on trial for assault with intent to rape, had made a similar attempt upon the witness, another woman, is incompetent, and its admission is error warranting reversal.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*H. H. Ball, J. S. Clarke* and *A. H. Buchanan* for appellant.

The court permitted the State in rebuttal to introduce Katie Ashinhurst and elicit from her testimony of specific crimes and acts of wrongdoing in disregard of the well known and long established principle of law that this kind of testimony is not admissible for any purpose in a case of this kind. The court also permitted the State to ask defendant's character witness all manner of questions as to specific crimes and insinuations of other specific acts of wrong-doing. State v. Teeter, 239 Mo. 475; State v. McDonough, 232 Mo. 219; State v. Phillips, 233 Mo. 299; State v. Lockett, 168 Mo. 481; State v. Prendible, 165 Mo. 329; State v. Gessell, 124 Mo. 531; Constitution of Missouri, art. 2, sec. 22.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

It was not improper for the prosecuting attorney to ask defendant's character witnesses if they had not heard that defendant had committed or been accused of specific acts and misconduct. State v. Goodwin, 102 Ala. 87; Thompson v. State, 100 Ala. 70; State v. Arnold, 12 Iowa, 479; People v. Watson, 3 Silv. Sup. 560, 7 N. Y. Supp. 532; State v. Dill, 48 S. C. 249. The admissibility of the testimony of the witness, Katie Ashinhurst, formerly Katie Hannah, presents a more serious and difficult question. We believe her testimony to be competent as explaining the conduct of defendant toward the prosecuting witness and showing defendant's intent in laying his hands upon her. State v. Jackson, 112 Mo. 589; State v. Bayne, 88 Mo. 604; State v. Myers, 82 Mo. 558; State v. Savony, 95 Mo. 349; State v. Spaugh, 200 Mo. 594; State v. Bailey, 190 Mo. 279; State v. Scott, 172 Mo. 542; State v. Hyde, 234 Mo. 230. On the question of the right of the State to prove the commission or attempt to commit other similar crimes the attention of the court is called to the cases collated in People v. Molineux, 62 L. R. A. 193, under division 9, p. 329, where it appears from the collated cases there, that the general rule has been most liberally extended, and for a reason peculiar to sexual offenses. This testimony was competent in view of defendant's evidence as follows: "A. I used to cut up with all the children in the country, and play with them, but to attempt anything of that kind, I never thought of it."

ROY, C.—Defendant was convicted of an assault with intent to rape Gladys Penny, a female child under the age of fourteen years, and was sentenced to two years in the penitentiary.

The prosecuting witness testified that she was at Cold Springs in March or April, 1910, when she was about eleven years old. She lived near that place. She went there horseback for groceries. That defendant was there and left a few minutes before she did; he was walking; she caught up with him. He began fondling her. She tried to get away and they passed beyond where he should have turned off to go home. When they got to the old Nawl place, he pulled her off the horse, and tried to throw her down. A man came along and he let her go. After the man passed, defendant continued his attempts to induce her to yield. He let her go upon her promising to yield to him the next time they met. He threatened to kill her if she ever told. She did not tell her mother or any one for about a year.

The defendant testified in his own behalf, denying the charge. He admitted that he was always fond of playing with children. The defendant then put J. D. Woods on the stand, who testified to defendant's good moral character. On cross-examination, he testified that he had heard talk of several similar attempts by defendant against girls and women. The defendant objected to the admission of that evidence.

In rebuttal, Kate Ashinhurst testified for the State that in 1902, when she was twelve years old, the defendant was hauling cane to her father's mill, and that she was sent home with him in his wagon for some butter, and that during the trip to his house, in a hollow, he stopped the wagon and tried to induce her to submit to him. She tried to leave the wagon. He continued to fondle her in a lascivious way until she made him quit.

To that evidence the defendant objected on the ground that it showed another offense, and that defendant's character could not be impeached by specific acts.

The court instructed the jury as to an attempt to forcibly rape without requiring them to find that the child was under fourteen years of age. It is admitted in appellant's brief that she was ten or eleven years old when the alleged offense occurred.

I. It was proper on cross-examination of the defendant's character witness to require him to state whether he had heard talk to the effect that defendant had been involved in similar trouble with other girls. This question was fully discussed in State v. Parker, 172 Mo. 1. c. 206-207, and such evidence was held proper on cross-examination, also in State v. McLaughlin, 149 Mo. 1. c. 33, and State v. Beckner, 194 Mo. 1. c. 298.

Cross-Examination of Character Witness: Similar Acts.

II. The evidence of Kate Ashinhurst, a witness for the State, that the defendant had made a similar attempt against her, was incompetent and constitutes reversible error, as was held in State v. Teeter, 239 Mo. 1. c. 485; State v. Phillips, 233 Mo. 1. c. 305; State v. Lockett, 168 Mo. 481.

Evidence of Another Similar Offense not Competent.

The defendant was charged with one crime, he was confronted with evidence of two offenses, and the jury was instructed as to an offense different from the one charged.

The judgment is reversed, and the cause remanded. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All the judges concur.