**Dennis Paul HUGHES, Appellant,**

v.

**Harold R. SWENSON, Warden, Appellee.**

**No. 71–1405.**

United States Court of Appeals, Eighth Circuit.

Dec. 16, 1971.

Dennis Paul Hughes, pro se.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before MATTHES, Chief Judge, LAY, Circuit Judge and HUNTER, District Judge.*

MATTHES, Chief Judge.

This case comes before the court on appeal from the order of the United States District Court for the Eastern District of Missouri, 328 F.Supp. 1298, denying appellant, a Missouri state prisoner, habeas corpus relief.[1]

In appellant's habeas petition filed pursuant to 28 U.S.C. § 2254, he alleged: (1) that the Missouri state court erred in admitting into evidence incriminating statements made by him, including his confession given to the St. Louis police, claiming there was an insufficient fac-

---

* Western District of Missouri, sitting by designation.

1. Appellant was found guilty of murder in the first degree in the Circuit Court of

St. Louis, Missouri and sentenced to life imprisonment. His conviction was affirmed by the Missouri Supreme Court. State v. Hughes, 460 S.W.2d 600 (1970).

tual basis to support the finding by the Missouri trial court, and the Missouri Supreme Court that the statements were freely and voluntarily given, or that he had validly waived his right to have counsel present during the interrogation, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and (2) that the trial court erred in excluding testimony offered to impeach a state witness and thus denied him the right to obtain witnesses in his behalf.

Inasmuch as both of the above grounds for habeas relief had been presented to and considered by the Missouri Supreme Court, the federal district court properly found that appellant had exhausted his state remedies and proceeded to examine the alleged constitutional deprivations on their merits.

On the basis of the record of the state trial court on appellant's motion to suppress, the district court concluded (a) that the state trial court's findings of fact on voluntariness were supported by the evidence, and (b) that in determining the question whether there was a valid waiver of the right to counsel at the time appellant made the incriminating statements, the state court properly applied the governing federal standards. We affirm.

As to (a), the issue is reduced to a matter of credibility. Appellant testified that he had been given the Miranda warnings. The disagreement between appellant and appellee focused on whether appellant had in fact requested and was denied counsel and had made the incriminating statements. Appellant's testimony on both questions supported his claim. Conversely, Detective Riley testified that he had advised appellant of his constitutional rights as de-lineated in Miranda. Specifically, he stated that he informed appellant: "You have the right to have an attorney, and have him present during the questioning," and that an attorney would be provided if appellant could not afford one. In response, the appellant stated: "I understand." Having read the full transcript of the evidence on the motion to suppress, we conclude without any difficulty that the evidence fully supports the state trial judge's finding that the requisite warnings had been given and the incriminating statements had been made.

Having concluded that appellant was not only warned as required by Miranda but that he also asserted that he understood his rights, the legal question remains whether such an assertion constitutes a valid waiver of counsel. In Miranda, the Supreme Court announced that "a valid waiver will not be presumed simply from the silence of the accused after warnings were given or simply from the fact that a confession was eventually obtained." 384 U.S., at 475, 86 S.Ct., at 1628. The thrust of appellant's claim is that a valid waiver cannot be effective absent an expressed declaration to that effect. We are cited to no case which supports appellant's thesis and independent research discloses none. To the contrary, the Fifth,[2] Seventh,[3] Ninth,[4] and Tenth[5] Circuits have held in effect that if the defendant is effectively advised of his rights and intelligently and understandingly declines to exercise them, the waiver is valid.

Our case of Klingler v. United States, 409 F.2d 299, 308 (8th Cir.), cert. denied, 396 U.S. 859, 90 S.Ct. 127, 24 L. Ed.2d 110 (1969), although not directly on point, is informative and indicative that we would not adopt a rule requiring the prosecution in every case to estab-

---

2. United States v. Montos, 421 F.2d 215, 224 (5th Cir.), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970).

3. United States v. Ganter, 436 F.2d 364, 369–370 (7th Cir. 1970).

4. United States v. Hilliker, 436 F.2d 101, 102–103 (9th Cir. 1970), cert. denied, 401 U.S. 958, 91 S.Ct. 987, 28 L.Ed.2d 242 (1971).

5. Bond v. United States, 397 F.2d 162, 165 (10th Cir.), cert. denied, 393 U.S. 1035, 89 S.Ct. 652, 21 L.Ed.2d 579 (1968).

lish that the defendant, after being effectively informed of his rights, expressly declined the services of an attorney.

A sound analysis of the waiver issue is recorded in United States v. Montos, 421 F.2d 215, 224 (5th Cir.), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L. Ed.2d 532 (1970). Judge Ainsworth summarized his discussion of the basic elements to be considered by observing:

> "An express statement that the individual does not want a lawyer is not required, however, to show that the individual waived his right to have one present. *See* Bond v. United States, 10 Cir., 1968, 397 F.2d 162, 165. All that the prosecution must show is that the defendant was effectively advised of his rights and that he then intelligently and understandingly declined to exercise them. *See* Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)."

421 F.2d, at 224.

 It is neither necessary nor desirable to undertake to fashion a per se rule to be applied in all cases presenting the *Miranda* issue. The crucial question always must be: has the prosecution sustained its heavy burden of demonstrating that the defendant was effectively advised of his rights, and did he knowingly and understandingly decline to exercise them? We hold that the prosecution sustained that burden in this case. Aside from Detective Riley's testimony, we find no evidence indicating that physical or mental coercion was exercised at any time in connection with the interrogation and the ensuing incriminating statements. Appellant conceded the *Miranda* warnings were given. He was 19 years of age at the time, had a ninth grade education and was an average student.[6]

 We also sustain Judge Meredith's finding as to appellant's second contention relating to exclusion of evidence offered for the purpose of impeaching the testimony of Detective Riley. The circumstance giving rise to this point is discussed by the Missouri Supreme Court in its opinion reported at 460 S.W.2d 603–604, and need not again be recited here. Judge Gibson considered at some length the scope of review of evidentiary matters in a post-conviction proceeding in Atwell v. State of Arkansas, 426 F.2d 912, 915 (8th Cir. 1970). The crux of the opinion in *Atwell* is that the question of admissibility of evidence is usually governed by state law and does not involve federal constitutional issues; that ordinarily a habeas corpus proceeding cannot be utilized for reviewing or correcting errors in trial procedures; that it is only where the trial errors or irregularities infringe upon constitutional protections or are so prejudicial as to amount to a denial of due process that the federal courts should intervene and grant relief. Our study of the record convinces us that the claimed error does not have constitutional dimensions and was correctly decided by the district court.

Affirmed.

---

6. During the trial, one other police officer testified that appellant specifically said he did not want an attorney, but this officer did not testify at the motion to suppress hearing and his testimony was not relied upon to support the finding of the voluntary waiver of the *Miranda* rights.