Robert Muller TAYLOR, Appellant,

v.

STATE OF MINNESOTA, Appellee.

No. 72–1255.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 18, 1972.

Decided Sept. 18, 1972.

John F. Ebner, St. Paul, Minn., filed brief for appellant.

Warren R. Spannaus, Atty. Gen., St. Paul, Minn., George M. Scott, Hennepin County Atty., and Henry W. McCarr, Jr., Asst. County Atty., Chief, Div. of Appeals and Post Conviction Proceedings, Minneapolis, Minn., filed brief for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY, Circuit Judge, and DENNEY,* District Judge.

PER CURIAM.

Appellant, a Minnesota state prisoner, appeals to this Court from the denial of a writ of habeas corpus by the federal district court, D.C., 342 F.Supp. 911. Appellant was convicted in state court on December 16, 1968, on charges of kidnapping, aggravated assault, aggravated rape, indecent liberties, aggravated robbery, prostitution and coercion. The convictions arose out of the attempts by the Appellant and his wife to force a young woman to become a prostitute. The convictions were affirmed by the Minnesota Supreme Court, State v. Taylor, 187 N.W.2d 129 [1971].

The young woman was subjected to various forms of abuse by the Appellant and his wife while at the Appellant's apartment before she was able to escape. Upon information furnished by the victim, a search warrant was issued to local

* Sitting by designation.

authorities. The warrant listed as items to be seized:

1 set of wedding bands, gold with white gold trim, belonging to [complainant] (rings soldered together); 1 pair of blue shorts, boys, cut-offs, with zipper in front; 1 white blouse, womens, buttons down front, short sleeves; 1 pair of womens white panties; 1 white pillow case with blood from victim on it; 1 bedsheet with semen from suspect on it; 1 small caliber revolver described as cylinder type, silver with black handle; 3 pictures of [complainant] in various states of sex acts (oral sodomy, etc.); 1 white envelope legal size with address of [complainant]; 1 social security card, name [of complainant]; with number 476–50–9567; and other materials related to this crime of kidnapping, aggravated assault, sodomy, abduction. State v. Taylor, *supra,* at 130.

The items taken in the search included:

1 pr white cotton panties

2 white bathtowels

1 white bedsheet

1 letter on 8½x11 paper

1 Swinger Polaroid Land Camera Mod 20

1 6 shot 22 cal pistol, blk with wht pearl handle ser 121882

6 22 cal short bullets, Super X brand cont within gun cylinder

1 box of Western Super X 22 cal short bullets, approx ¾ full

1 blue 40 watt GE light bulb

1 spent 22 cal cartridge

One of the items seized, which was not described in the search warrant, was a memorandum addressed to "Mom" and signed "daddy," which the prosecution contended contained evidence which would lead one to believe that the crimes charged were committed as reported by the complainant. In substance, this memorandum instructed defendant's wife on how to prepare and condition a young woman for service as a member of their stable of prostitutes. This letter or memorandum was received in evidence over objection. State v. Taylor, *supra,* at 131.

In this appeal, Appellant argues that his Fourth and Fifth Amendment rights were violated by the seizure and introduction into evidence of the incriminatory memorandum described above.

 It is the contention of the Appellant that the memorandum was not lawfully seized because it was not one of the items listed on the warrant. The Court does not find merit in this contention. If the warrant itself was not so broad as to constitute a general search, then an item not mentioned in the warrant may be seized if the item is reasonably related to the crime for which the warrant issued. Louie v. United States, 426 F.2d 1398 [9th Cir. 1970]. Here the Court finds that the warrant was sufficiently specific as not to amount to a general search. United States v. Fuller, 441 F.2d 755 [4th Cir. 1971]. It is apparent from the contents of the memorandum that it was reasonably related to the crimes for which the warrant was issued.

 Appellant also argues that his Fifth Amendment rights were violated by the introduction of the memorandum since it was incriminatory in nature. This argument is not persuasive, since the evidence does not show the memorandum to have been the product of any coercion. United States v. Hanon, 428 F.2d 101 [8th Cir. 1970].

 Finally, Appellant asserts that allowing the memorandum to remain in evidence after the testimony of the handwriting expert linking it to the Appellant was stricken constituted prejudicial error. Evidentiary errors may not be reviewed by this Court in a habeas corpus proceeding for a state prisoner unless they are so gross as to amount to a denial of due process. Atwell v. State of Arkansas, 426 F.2d 912 [8th Cir. 1970]. Here, the Court cannot say that any possible evidentiary error in leaving

the memorandum in evidence after the supporting testimony was stricken, in view of the other overwhelming evidence of guilt, amounted to a denial of due process.

During the trial, Appellant moved for a continuance on the grounds that only three of the twelve witnesses he had sought to be subpoenaed had actually appeared. Appellant now argues that the failure of the trial court to grant the continuance denied him his Sixth Amendment rights to compulsory process.

 Motions for continuance are addressed to the sound discretion of the trial court. Paoni v. United States, 281 F. 801 [3rd Cir. 1922]. The evidence in this case does not show that the serving officer did not exercise due diligence in a good faith attempt at service. Absent such a showing, no violation of the right to compulsory process can be found. Maguire v. United States, 396 F.2d 327 [9th Cir. 1968]. The Court cannot say that the trial court abused its discretion in not granting the motion for continuance.

The judgment denying the application for a writ of habeas corpus is affirmed.