Virgil Dale AGEE, Petitioner,

v.

Donald W. WYRICK, Warden, Missouri
State Penitentiary, Respondent.

No. 75 CV 569–W–4.

United States District Court,
W. D. Missouri, W. D.

May 28, 1976.

**436**

John S. Pratt, Springfield, Mo., for petitioner.

William F. Arnet, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ELMO B. HUNTER, District Judge.

Petitioner, a convicted state prisoner who is currently confined in the Missouri State Penitentiary at Jefferson City, Missouri, serving a 99-year sentence for statutory rape, has filed in *forma pauperis* a petition for writ of habeas corpus challenging the validity of his state conviction and sentence. Leave to proceed in *forma pauperis* was granted in the Court's Order to Show Cause entered October 22, 1975.

Petitioner was convicted by a jury in November 1970 in the Circuit Court of Greene County, Missouri, and the resulting judgment and sentence were affirmed by the Missouri Supreme Court on direct appeal. See *State v. Agee,* 474 S.W.2d 817 (Mo.1971). Petitioner's motion to vacate his conviction and sentence under Missouri Criminal Rule 27.26 in the Circuit Court of Greene County was unsuccessful, as was his appeal of the denial of that motion to the Missouri Court of Appeals, Springfield District. See *Agee v. State,* 512 S.W.2d 401 (Mo.App.1974).

Petitioner, who is aided by able and diligent counsel in the pursuit of this cause, states the following grounds on which he bases his contention that he is being held in custody unlawfully: (1) that the prosecuting attorney used an invalid prior conviction while cross-examining petitioner at his trial for the purpose of impeachment; (2) that the prosecuting attorney conducted improper cross-examination of petitioner's wife and made improper reference to such cross-examination during his closing argument; (3) that petitioner's trial counsel introduced into evidence a prior conviction of petitioner in which imposition of sentence was suspended even though such conviction could not have been used by the state to impeach petitioner at trial; (4) that petitioner's trial counsel was ineffective in numerous respects; (5) that two sheriff's deputies assaulted petitioner subsequent to his arrest; (6) that petitioner was denied assistance of counsel at the time a pair of undershorts were taken from him after his arrest; (7) that witness Durham gave misleading testimony at petitioner's trial; (8) that petitioner's trial counsel was not afforded an opportunity to effectively cross-examine

witness Durham; (9) that the prosecuting attorney made improper reference during closing argument to the existence of seminal stains on shorts taken from petitioner; (10) that admission into evidence of the shorts of petitioner violated his right against self-incrimination; (11) that the trial court gave improper instructions to the jury; (12) that newly-discovered evidence entitled petitioner to have his judgment and sentence vacated in state court; and (13) that petitioner was denied a fair trial by the prosecutrix's crying in the hallway of the courthouse as the jury filed by to begin deliberation.

■ All of the issues raised herein were raised before the Missouri Supreme Court at the time of petitioner's direct appeal or before the Missouri Court of Appeals at the time of petitioner's appeal from the denial of his 27.26 motion in state court. Therefore, petitioner has exhausted his state remedies with respect to these issues. An evidentiary hearing having been held in this cause on April 30, 1976, in Jefferson City, Missouri, the Court will now proceed to consider the merit of petitioner's claims for habeas corpus relief.

This Court has reviewed the entire record, including the petition filed, the official records of previous postconviction proceedings filed by petitioner, and the evidence adduced at the evidentiary hearing. On careful consideration of the issues raised herein, the Court has concluded that federal habeas corpus will not lie to afford relief for the majority of issues raised by petitioner, and that petitioner has failed to demonstrate the denial of a federal constitutional right sufficient to warrant habeas corpus relief on any ground.

■ First, petitioner has raised several matters which fall within the general category of trial errors and, as such, are inappropriate grounds for relief by petition for writ of habeas corpus. The writ of habeas corpus is not a substitute for an appeal, *Sherrill v. Wyrick*, 524 F.2d 186 (8th Cir. 1975), and federal habeas corpus will not lie to refute allegations of trial error unless the errors are shown to have been so preju-

dicial as to have deprived the petitioner of a fair trial. *Atwell v. State of Arkansas*, 426 F.2d 912 (8th Cir. 1970); *Hughes v. Swenson*, 452 F.2d 866 (8th Cir. 1971); *Taylor v. Minnesota*, 466 F.2d 1119 (8th Cir. 1972); *Howard v. Swenson*, 293 F.Supp. 571 (E.D. Mo.1972). Within this category fall petitioner's contentions that the prosecuting attorney used an invalid prior conviction while cross-examining petitioner at his trial; that the prosecuting attorney conducted improper cross-examination of petitioner's wife and made improper reference to such cross-examination in his closing argument; that witness Durham gave misleading testimony at petitioner's trial, that petitioner's trial counsel was not afforded an opportunity to effectively cross-examine witness Durham; and that the trial court improperly instructed the jury on the credibility of witnesses.

■ As the state courts correctly determined, and as the record herein clearly reveals, any errors in cross-examination by the prosecuting attorney did not rise to the level of a federal constitutional question, particularly in light of petitioner's failure to convincingly show that he was prejudiced thereby; witness Durham, a properly qualified expert was properly permitted to express his opinion on a proper subject for expert testimony; petitioner's trial counsel was notified of the tests conducted by Durham sufficiently in advance of the trial and conducted a vigorous cross-examination of witness Durham; and petitioner was not prejudiced by the instruction which, indeed, was offered for his benefit. The record does not indicate that petitioner was denied a fair trial on any of these grounds; thus these allegations fail to raise an issue cognizable under federal habeas corpus.

■ Petitioner also has raised numerous allegations in support of his contention that his trial counsel was ineffective. In essence, these contentions are based upon counsel's failures to object to introduction of certain evidence and to comments by the prosecutor in closing argument, to move for mistrial in specific instances, and to request

a particular instruction. These points raised by petitioner involve questions of counsel's trial strategy and tactics, matters which clearly are not cognizable in a petition for habeas corpus relief. See *United States v. Johnson,* 506 F.2d 640 (8th Cir. 1974); *United States v. Hager,* 505 F.2d 737 (8th Cir. 1974); *Robinson v. United States,* 448 F.2d 1255 (8th Cir. 1971); *McQueen v. Swenson,* 498 F.2d 207, 216 (8th Cir. 1974). "[I]n choosing trial tactics 'the exercise of a defense attorney's professional judgment should not be second-guessed by hindsight. . . .' A wrong or poorly advised decision by a defense attorney is not alone enough to support a subsequent claim of ineffective counsel." *United States v. Hager,* 505 F.2d at 739.

In addition, petitioner asserts that he is entitled to federal habeas corpus relief because his trial counsel caused the introduction into evidence of petitioner's prior burglary conviction, for which imposition of sentence was suspended, and of a prior eighteen-month incarceration under the Youth Corrections Act for a Sullivan Act violation. Petitioner contends that neither conviction would have been admissible for impeachment purposes on cross-examination, the first because no sentence was imposed, and the latter because it was too remote. The admissibility of these convictions, however, involves matters of state law which have received full and adequate hearing in the state courts and neither rises to the level of a federal constitutional question. See *Morton v. Haynes,* 332 F.Supp. 890, 892 (E.D.Mo.1971); *White v. Swenson,* 261 F.Supp. 42, 59 (W.D.Mo.1966). Neither do these matters indicate that petitioner was ineffectively represented by counsel. The Missouri Court of Appeals determined that petitioner was represented at his trial by effective, experienced and competent counsel, and this Court's independent review of the record has found no indication that petitioner was denied a fair trial due to his counsel's performance or non-performance. Therefore, petitioner's allegations of ineffective assistance of counsel and related matters concerning introduction

of prior convictions fail to state a ground entitling him to federal habeas corpus relief.

Petitioner next raises several allegations concerning the seizure of his undershorts for examination after his arrest, the failure to provide him with counsel at that time, and the admission of the undershorts into evidence at his trial. These contentions similarly are without merit. First, the seizure of petitioner's undershorts for the purpose of conducting a chemical test for seminal fluid was proper under the exception to the Fourth Amendment warrant requirement for searches incident to a lawful arrest. *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694 (1969). In addition, the record fails to indicate that the shorts were obtained from petitioner in a manner shocking to the conscience or offensive "to the community's sense of fair play and decency" so as to constitute a violation of petitioner's right to due process. See *Rochin v. California,* 342 U.S. 165, 173, 72 S.Ct. 205, 210, 96 L.Ed. 183, 190 (1952). Further, at the time of the pre-indictment seizure challenged herein, petitioner enjoyed no Sixth Amendment right to the presence of counsel. *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 417 (1972). Nor was petitioner's Fifth Amendment protection against self-incrimination infringed by the obtaining of physical, rather than testimonial, evidence, in the form of his undershorts, from petitioner. *Schmerber v. California,* 384 U.S. 757, 760, 86 S.Ct. 1826, 1830, 16 L.Ed.2d 908, 913 (1966). For the foregoing reasons, admission of the shorts into evidence was not error.

Petitioner's claim that newly-discovered evidence, involving the unsuccessful effort of his sister to obtain a post-trial affidavit from the victim and her parents withdrawing her identification of petitioner as the rapist, entitles him to federal habeas corpus relief is also without merit. This so-called new evidence, presented to the state court at the hearing on petitioner's

27.26 motion, is contradicted by the testimony of three witnesses, and in fact, no affidavit renouncing identification ever was signed by the victim or her family. Under the circumstances, this Court must conclude, as did the Missouri Court of Appeals, that this allegation does not warrant federal habeas corpus relief.

■ Finally, petitioner contends that he is entitled to relief herein on the ground that the prosecutrix was crying in the hallway of the courthouse as the jury filed to the jury room to begin deliberation. In view of the facts that the evidence establishes only that the prosecutrix *may* have been crying, that the jurors *could* have seen her, and that the jurors *might* possibly have been influenced had they seen her, it is clear that federal habeas corpus relief on this ground is inappropriate. Such mere speculation fails to rise to the level of a constitutional issue, and petitioner has not demonstrated that this incident, assuming it occurred as he alleges, rendered his trial fundamentally unfair. This contention, which therefore falls within the category of trial error of a nonconstitutional nature, fails to warrant federal habeas corpus relief. See *Atwell v. State of Arkansas, supra; Howard v. Swenson, supra; Hughes v. Swenson, supra; Taylor v. Minnesota, supra.*

For all the foregoing reasons, it is therefore

ORDERED and ADJUDGED that the petition herein for a writ of habeas corpus be, and it is hereby, denied.