Virgil Dale AGEE, Appellant,

v.

Donald WYRICK, Appellee.

No. 76–1491.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 8, 1976.

Decided Dec. 30, 1976.

John S. Pratt (argued), Springfield, Mo., on brief, for appellant.

William F. Arnet, Asst. Atty. Gen. (argued), and John C. Danforth (former Atty. Gen.), John D. Ashcroft, Atty. Gen., Jefferson City, Mo., on brief, for appellee.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

In November 1970, petitioner, Virgil Dale Agee, was convicted by a Greene County, Missouri, jury of statutory rape. The jury assessed his punishment at 99 years' imprisonment. The conviction was affirmed by the Supreme Court of Missouri. *State v. Agee,* 474 S.W.2d 817 (Mo.1971). Petitioner thereafter filed a motion for postconviction relief in state court, which was denied after an evidentiary hearing. The denial was affirmed on appeal. *Agee v. State,* 512

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

S.W.2d 401 (Mo.App.1974). Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After an evidentiary hearing, the district court denied the petition. *Agee v. Wyrick,* 414 F.Supp. 435 (W.D.Mo.1976). Petitioner brought this timely appeal. We essentially affirm with some modification for reasons stated below.

In his habeas petition, he alleged the following claims for relief: (1) that an emotional display by the victim as the jury retired to deliberate was so prejudicial as to taint the jury's verdict and deny petitioner due process; (2) that at trial he was cross-examined about a prior, uncounselled misdemeanor conviction; and (3) that he was denied effective assistance of counsel.

■ Petitioner's first claim alleges that the victim was crying in a corridor of the courthouse as the jury passed by on its way to deliberate. With regard to this claim, the district court made the following finding:

> In view of the facts that the evidence establishes only that the prosecutrix *may* have been crying, that the jurors *could* have seen her, and that the jurors *might* possibly have been influenced had they seen her, it is clear that federal habeas corpus relief on this ground is inappropriate. [*Agee v. Wyrick, supra,* 414 F.Supp. at 439 (emphasis in original).]

This finding is amply supported by the record. Only petitioner's sister testified with certainty that the prosecutrix was crying at the time. There was no testimony that the jurors saw the prosecutrix or that their decision was thereby influenced. Therefore, petitioner's contention lacks factual support and is without merit.

■ Petitioner's second claim is that at trial the prosecuting attorney questioned him about his 1958 conviction for malicious property destruction, a misdemeanor. After an evidentiary hearing on petitioner's state motion for postconviction relief, the court found that petitioner was indigent at the time of that conviction and that he had not been advised of his right to counsel. Petitioner now alleges that the use of this uncounselled misdemeanor conviction to impeach him at trial amounts to a denial of due process. Petitioner bases his claim on *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), which held that the use of uncounselled felony convictions to impeach a criminal defendant amounts to a denial of due process. *See also Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Petitioner contends that *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972),[1] which held that the right to counsel extends to offenses, however denominated, which result in incarceration, should be read to extend *Loper v. Beto* to include impeachment by uncounselled misdemeanor convictions. *Potts v. Estelle,* 529 F.2d 450 (5th Cir. 1976).

The district court held that petitioner's claim regarding the introduction of the uncounselled misdemeanor conviction fell into the category of trial errors and did not constitute an appropriate ground for federal habeas corpus relief. *Agee v. Wyrick, supra,* 414 F.Supp. at 437, *citing Taylor v. Minnesota,* 466 F.2d 1119 (8th Cir. 1972), *cert. denied,* 410 U.S. 956, 93 S.Ct. 1425, 35 L.Ed.2d 689 (1973); *Hughes v. Swenson,* 452 F.2d 866 (8th Cir. 1971); *Atwell v. State of Arkansas,* 426 F.2d 912 (8th Cir. 1970). In those cases, however, we recognized that trial errors which infringe upon constitutional protections or are so prejudicial as to violate due process do state a federal claim. *Taylor v. Minnesota, supra,* 466 F.2d at 1121; *Hughes v. Swenson, supra,* 452 F.2d at 868; *Atwell v. State of Arkansas, supra,* 426 F.2d at 915. In light of *Loper v. Beto, supra,* and *Potts v. Estelle, supra,* Agee does present a justiciable federal claim, but in light of our discussion below and disposition of this case, we need not resolve that claim at this time.

Strong evidence supports petitioner's guilt. On the night in question, petitioner

---

1. *Argersinger v. Hamlin* is fully retroactive. *Berry v. City of Cincinnati,* 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973).

was accompanied by one Watts, who testified at trial that petitioner stopped his truck near a bridge at about dusk, began to talk to a young girl, and got out of the truck and walked off with her. After approximately 15 minutes, Watts, who was admittedly intoxicated, fell asleep in the truck and was not awakened until about 8:30 p.m. when two Green County sheriff's deputies arrived at the bridge. While questioning Watts, the deputies heard screams from a nearby wooded area and they observed the victim running out of the woods toward the bridge, closely pursued by petitioner. When the victim reached the deputies, she pointed to petitioner and said: "That man right there made me pull my pants off." The deputies thereupon arrested petitioner. At trial, the victim was unable positively to identify petitioner as her attacker, but she did testify that the man whom the deputies arrested at the bridge was the man who raped her. A physician testified that his examination indicated that the victim had been raped on the day in question. One of the arresting officers testified that there was a moist spot on petitioner's undershorts when he was arrested. A chemist employed by the Missouri Highway Patrol testified that he tested a patch of the undershorts worn by petitioner on the night in question and that a stain thereon was made by male seminal fluid.

In view of this compelling evidence, we are convinced beyond a reasonable doubt that the admission of petitioner's uncounselled misdemeanor conviction, if error at all, only amounted to harmless error on the issue of petitioner's guilt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Petitioner's third claim is that he was denied effective assistance of counsel at trial because of a multitude of alleged errors of commission and omission by his counsel. The district court concluded that all of petitioner's allegations involved questions of trial strategy and tactics which are not cognizable in a federal habeas corpus proceeding. *Agee v. Wyrick, supra*, 414 F.Supp. at 437–38. After a thorough examination of the record, we agree that all but one of petitioner's allegations do not give rise to a claim of ineffective assistance of counsel. However, one of petitioner's allegations requires further explication.

■ At trial, petitioner's wife was cross-examined by the prosecuting attorney, as follows:

CROSS–EXAMINATION BY MR. CROW:

Q. What is your date of birth? A. November 10, 1947.

MR. TUCKER: Charlotte, will you speak up just a little louder, please?

THE WITNESS: Yes, sir.

Q. (By Mr. Crow) So you were about sixteen and a half when you married Agee, is that right?

A. Yes.

Q. And you say you have a girl six?

A. Yes.

Q. What is her date of birth, please?

A. June 28, '64.

Q. June 28, '64. A. Yes.

Q. So she was born about a month after your marriage, is that right? A. Yes, sir.

Q. So you were eight months pregnant at the time that you married him? A. Yes, sir.

Q. And if you were eight months pregnant in May of 1964, let me see, let me do some backward counting here, that means that child had been conceived some time in September, then, of 1963, is that correct?

A. Yes, sir.

Q. And at that time you would have been fifteen years of age, is that correct? A. Yes, sir.

MR. CROW: I believe that's all. Thank you.

During closing argument, the prosecuting attorney twice referred to this testimony:

You've got a twelve year old girl, absolutely no thought by him as to her future, her consequences, anything that might happen to her, whether she has a baby, whether she has emotional scars she'll carry, he couldn't care less, he couldn't

care less. Just the same as the girl that he conceived a child with when he was twenty-four and she was fifteen. Now, they made a big to do about him never being convicted of any prior sex crimes, and his own evidence has destroyed that, he conceived a child with a fifteen year old girl when he was twenty-four, and his evidence told you that. Now, mind you, that was developed from his witnesses, not the State's witnesses.

Petitioner's counsel did not object to either the cross-examination or the closing argument. It is petitioner's contention that his counsel's failure to object to this inadmissible evidence [2] constituted a failure to "exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Pinnell v. Cauthron*, 540 F.2d 938, 939–40 (8th Cir. 1976), *quoting United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976). Moreover, petitioner contends, the admission of this testimony, and particularly the way it was used during closing argument, was highly prejudicial in that it portrayed petitioner as a man who gratified his sexual desire with adolescent girls.

Petitioner's trial counsel testified at the federal evidentiary hearing that he did not object to the testimony in question because he thought it was admissible, although in hindsight he believes he should have objected. Therefore, this case, unlike *United States v. Hager*, 505 F.2d 737 (8th Cir. 1974), does not involve a plausible strategic reason for failing to object.

The record indicates some lack of diligence by counsel in protecting petitioner against charges that he was something of a long-time sex maniac who preyed upon young girls. In light of the strong evidence of guilt, as previously discussed, the intro-

duction of this questioned evidence would not have affected the jury's guilty verdict.

▪ We cannot say, however, that counsel's alleged inadequacy and the admission of Agee's uncounselled misdemeanor conviction did not affect the jury's sentencing function, which resulted in a 99-year sentence, notwithstanding the prosecutor's recommendation to the jury of "at least 30 years." The alleged errors may very well have allowed the jury to consider misinformation, possibly of "constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), in arriving at a sentence.

While the Missouri Supreme Court rejected Agee's claims to excessiveness of the sentence, *Agee v. State*, 474 S.W.2d at 820–21, that court's consideration of the sentence did not reach, nor did appellant present, claims that counsel's ineffective assistance produced an enhanced sentence. Moreover, appellant's state postconviction motion in state court attacking counsel's competency was cast in traditional terms of seeking to annul the judgment of conviction rather than modification of the sentence. *Agee v. State*, 512 S.W.2d 401 (Mo.App. 1974).

On the appeal, the petitioner for the first time focuses his attack on the assistance of counsel as bearing upon the lengthy sentence imposed by the jury. The question raised here is sufficiently unique that we believe it appropriate for us to apply the exhaustion of remedies doctrine and require that petitioner present to the state court his incompetency of counsel claim as it relates with specificity to the imposition of a heavy sentence.

Although Missouri courts are understandably reluctant to pass on postconviction

---

**2.** It has long been the general rule in Missouri that in prosecutions for sex offenses, evidence of prior sexual misconduct involving the defendant and a person other than the prosecuting witness is inadmissible. *See, e. g., State v. Cutler*, 499 S.W.2d 387, 388 (Mo.1973); *State v. Atkinson*, 285 S.W.2d 563, 567 (Mo.1955); *State v. Spinks*, 344 Mo. 105, 114, 125 S.W.2d 60, 64–65 (1939); *State v. Bowman*, 272 Mo. 491, 500–01, 199 S.W. 161, 164 (1917); *State v.*

*Smith*, 250 Mo. 274, 277, 157 S.W. 307 (1913); *State v. Horton*, 247 Mo. 657, 666, 153 S.W. 1051, 1054 (1913); *State v. Teeter*, 239 Mo. 475, 485–86, 144 S.W. 445, 447–48 (1912); *State v. McElroy*, 518 S.W.2d 459, 460–62 (Mo.App. 1975). Moreover, there is nothing in the record to suggest that the evidence in question falls within any of the recognized exceptions to this general rule. *See State v. McElroy, supra*, 518 S.W.2d at 461.

claims upon a second proceeding, see Missouri Supreme Court Rule 27.26(d), and *Duncan v. State*, 524 S.W.2d 140, 143 (Mo. App.1975); *Babcock v. State*, 521 S.W.2d 191, 194 (Mo.App.1975); *Harkins v. State*, 521 S.W.2d 9, 10 (Mo.App.1975), the issue presented in this case is one of first impression, *i. e.*, whether incompetency of counsel, if such existed, served to unconstitutionally enhance Agee's sentence,[3] and may justify an exception to that state rule.

Accordingly, we affirm the judgment of the district court except on the claim of incompetency of counsel and the contention relating to the introduction of evidence on the alleged uncounselled misdemeanor conviction. Those contentions now relate only to Agee's claim of an enhancement of his sentence based on alleged violations of his constitutional rights. These matters may be presented to the Missouri courts for further consideration.

WEBSTER, Circuit Judge (dissenting).

I respectfully dissent.

In his opinion on petitioner's direct appeal, Judge (now Chief Justice) Seiler of the Missouri Supreme Court carefully analyzed the claim of excessiveness and held that there was no abuse of discretion by the trial court in refusing to reduce the sentence. *State v. Agee*, 474 S.W.2d 817, 820 (Mo. 1971). In his opinion on petitioner's motion for postconviction relief, Judge Billings of the Missouri Court of Appeals considered appellant's claim of ineffective assistance of counsel and found that his trial counsel was not ineffective. *Agee v. State*, 512 S.W.2d 401, 403–04 (Mo.App.1974).

I cannot agree that this ineffective assistance claim is now unexhausted simply because a possible consequence of counsel's alleged ineffectiveness (i. e., sentence enhancement) was not expressly called to the attention of the state courts.

Resolution of any ineffectiveness claim involves answering two questions. First, was counsel's conduct of the case so ineffec-

tive as to be characterized as ineffective assistance under the governing standard? Second, if the answer to the first question is in the affirmative, was the defendant prejudiced by counsel's dereliction? *See United States v. Easter*, 539 F.2d 663, 666 (8th Cir. 1976); *McQueen v. Swenson*, 498 F.2d 207, 218 (8th Cir. 1974). The Missouri Court of Appeals answered the first question in the negative, and did not reach the second. The majority, apparently entertaining some doubts about the state court's conclusion that counsel was not ineffective, concludes that petitioner's failure to raise a particular instance of prejudice in the state courts now prevents us from addressing the merits of his claim. In fact, it does not.

The exhaustion requirement was not meant to provide state courts with more than one full and fair opportunity to decide a question which is properly presented to them for review. *See Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Eaton v. Wyrick*, 528 F.2d 477, 480 (8th Cir. 1975). It is not necessary to exhaustion that the state courts have ruled on the merits of the claim; it is sufficient that they have been properly presented with the opportunity to do so. *See Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Eaton v. Wyrick, supra*. A state court presented with an ineffective assistance claim is properly presented with the opportunity to rule on all possible prejudice appearing in the record flowing from the alleged errors of counsel. That the court did not reach the issue of prejudice, or that a particular instance of prejudice was not enumerated by counsel, does not mean that the ineffective assistance claim was not presented.

The Court's ruling portends a rash of new habeas corpus claims arising out of state convictions in which the punishment was assessed by a jury. Even if the issue of ineffective assistance of counsel has been considered and disposed of, a petitioner may now claim that the alleged enhancement of

---

**3.** Missouri courts apparently possess adequate powers to afford Agee a remedy of resentenc-

ing, if any be justified, without reimpaneling a jury. *See* Mo.S.Ct. R. 27.04.

sentence due to ineffective assistance must be separately and independently considered, first by the state courts and then by the federal courts.

To return this case to the state courts for consideration of the possible effect of evidentiary matters which they have already considered upon a sentence which they have already reviewed is akin to reinventing the wheel.

I would affirm the judgment of the District Court on the basis of its well-reasoned opinion.