Virgil Dale AGEE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10691.

Missouri Court of Appeals, Springfield District.

Feb. 7, 1978.

Motion for Rehearing or Transfer Denied Feb. 17, 1978.

Application to Transfer Denied April 10, 1978.

John S. Pratt, Jr., Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

This is a proceeding for postconviction relief pursuant to Rule 27.26.[1] Movant also seeks to have his sentence reduced under Rule 27.04.[2]

In 1970, movant Virgil Dale Agee was convicted of rape upon the person of a twelve-year-old female, and a jury assessed his punishment at imprisonment for a term of 99 years. Upon appeal, the Supreme Court of Missouri affirmed the conviction. *State v. Agee,* 474 S.W.2d 817 (Mo.1972). The movant thereafter sought postconviction relief in the trial court, which was denied after an evidentiary hearing. Movant appealed, and this court affirmed the judgment denying relief. *Agee v. State,* 512 S.W.2d 401 (Mo.App.1974). The movant then sought relief by habeas corpus in the United States District Court; that court denied relief after an evidentiary hearing. *Agee v. Wyrick,* 414 F.Supp. 435 (D.C.Mo. 1976). Thereupon, the movant appealed to the United States Court of Appeals for the Eighth Circuit, which concluded that the Missouri courts had not considered, or had inadequately considered whether the alleged incompetency of movant's trial counsel, if such existed, served to unconstitutionally enhance the movant's sentence. The Court of Appeals held this question might be presented to the Missouri courts for consideration. *Agee v. Wyrick,* 546 F.2d 1324, 1328 (8th Cir. 1976).

In this second proceeding for postconviction relief, the trial court observed—correctly—that it was under no obligation to entertain a second motion for postconviction relief. See: Rule 27.26(d); *Hulstine v. State,* 533 S.W.2d 228, 230[1] (Mo.App.1975).

Nevertheless, the trial judge, in a spirit of collegiality, took up and considered the movant's claim that his punishment was enhanced by trial counsel's failure to object to or prevent admission of movant's uncounseled conviction of a misdemeanor committed in 1958. The trial court found ". . . no basis on which to believe that the jury would have assessed a lesser punishment if the evidence of the uncounseled misdemeanor conviction . . . had not been in the case." The court further held that "[T]his is so even if the defense attorney had objected and the court had sustained the objections." Reduction of the movant's sentence was denied. Movant has appealed.

If we were disposed to rule this appeal on its merits, we would be hard put to find any record color of substance in either of the two infirmities suggested and elaborated by the United States Court of Appeals. We shall not, however, undertake to examine the cause afresh on its merits.

We have re-examined our record on appeal in the first postconviction proceeding. We find that the movant there alleged error in the admission of the uncounseled misdemeanor conviction. This error was assigned in Ground II(d) of the first motion for postconviction relief. In Ground III(a) and (g)(2), movant raised appointed counsel's inadequacy and complained of the admission of certain other, different past convictions on the ground that they "went to . . . the enhancement of punishment" and in Ground III(j) assigned as a reason for relief that ". . . counsel failed to object to the improper use of the misdemeanor [conviction] . . . ." Perhaps the point that counsel's failure to object to the admission of the uncounseled misdemeanor conviction was not explicitly and in terms presented by such allegations, but

1. References to statutes and rules are to RSMo (1969), V.A.M.S., and Missouri Rules of Court (8th ed. 1977), except where otherwise noted.

2. Which reads: "[T]he court shall have power, in all cases of conviction, to reduce the extent or duration of the punishment assessed by a jury, if in its opinion the conviction is proper, but the punishment assessed is greater than, under the circumstances of the case, ought to be inflicted."

our record in the first proceeding palpably demonstrates that such inadequacy of counsel could have been argued in the first postconviction proceeding. In such circumstances, under our law, the defendant was not entitled to be heard a second time. Where the ground for postconviction relief is technically "new" but could have been raised in the first motion, the second motion should be dismissed. Rule 27.26(d); *Newman v. State,* 481 S.W.2d 3, 5 (Mo.1972); *Riley v. State,* 545 S.W.2d 711, 713[5] (Mo. App.1977). This motion for postconviction relief should have been dismissed by the trial court, and accordingly the appeal is dismissed.

All concur.