**Virgil Dale AGEE, Appellant,**

v.

**Donald WYRICK, Appellee.**

No. 79–1513.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1979.

Decided Nov. 29, 1979.

John S. Pratt, Springfield, Mo., for appellant.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John Ashcroft, Atty. Gen., Jefferson City, Mo., on brief.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

ROSS, Circuit Judge.

Virgil Dale Agee appeals from the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

In 1970 Agee was convicted by a jury of statutory rape and sentenced to 99 years in prison. His conviction was affirmed by the Missouri Supreme Court, *State v. Agee*, 474 S.W.2d 817 (Mo.1971), and his petition for state post conviction relief was denied by the Missouri Court of Appeals. *Agee v. State*, 512 S.W.2d 401 (Mo.App.1974). Agee then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was denied by the district court after an evidentiary hearing. *Agee v. Wyrick*, 414 F.Supp. 435 (W.D.Mo.1976). This court affirmed on all issues but two. We found that those issues had not been exhausted and required Agee to present them to the Missouri state courts for resolution. *Agee v. Wyrick*, 546 F.2d 1324, 1328 (8th Cir. 1976).

Accordingly, Agee filed a second post conviction petition which was denied by the Missouri Court of Appeals. *Agee v. State*, 562 S.W.2d 762 (Mo.App.1978). He then filed the instant petition for writ of habeas corpus pursuant to section 2254. The district court denied his petition [1] and this appeal followed. We affirm.

Agee argues: (1) that his trial counsel's failure to object to an allegedly improper cross-examination and closing argument resulted in an improperly enhanced sentence; and (2) that his sentence was improperly enhanced because the jury was allowed to consider evidence of an uncounseled misdemeanor conviction.[2]

On direct examination of Agee's wife, defense counsel questioned her about her age, children, and marriage. The prosecutor then established on cross-examination that their eldest child had been conceived eight months before their marriage when Mrs. Agee was 15 years old. In his closing argument the prosecutor made the following remarks:

Now I want to talk a little bit about the sentence on this case. The Judge has told you that you've got a wide range in her [sic], you can send this man to the penitentiary for as long as you want to, from two years on up, you set the term. Any sentence you want to impose in this case you're free to impose. Now when you go in your jury room I hope and I ask that when you start talking about sentence in this case, I hope the discussion is going to start around thirty years, because that's what this case is worth. Anything less than thirty years would be a miscarriage of justice. You've got a twelve year old girl, absolutely no thought by him as to her future, her consequences, anything that might happen to her, whether she has a baby, whether she has emotional scars she'll carry, he couldn't care less, he couldn't care less. Just the same as the girl he conceived a child with when he was twenty-four and she was fifteen. Now they made a big to do about him never being convicted of any prior sex crimes, and his own evidence has destroyed that, he conceived a child with a fifteen year old girl when he was twenty-four, and his evidence told you that. Now mind you that was developed from his witnesses, not the State's witnesses.

Agee argues his trial counsel's failure to object to these remarks left the jury with "[t]he spectre * * * of a vile defendant, running about the countryside seducing and impregnating small girls," and caused his sentence to be enhanced.

■ Judge Hunter found that even if trial counsel should have objected, Agee had not been materially prejudiced because the other evidence against him was so over-

1. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

2. Agee also argues for the first time on appeal that certain other acts or omissions on the part of his trial counsel denied him effective assistance of counsel and enhanced his sentence. Although these issues are not properly before this court, *see Chen v. Palmer*, 589 F.2d 355, 358 (8th Cir. 1978), we have reviewed them and find them to be without merit.

whelming it independently justified the 99 year sentence. He also noted that no inference of prejudice could be drawn from the length of the sentence alone because long sentences for rape are not uncommon in Missouri.[3]

■ Judge Hunter also rejected Agee's second contention that his sentence was enhanced by the admission of the evidence of an uncounseled misdemeanor conviction.[4] He found that even if the evidence was objectionable, its admission did not prejudice Agee. He noted that the conviction was for an unrelated crime and resulted in a short sentence, and that it had been mentioned only once during the trial. Any prejudicial effect was minimized, Judge Hunter concluded, by the trial court's instruction that prior convictions should be considered for credibility only.

We agree with Judge Hunter's finding that any error was harmless, and therefore affirm on the basis of his well-reasoned opinion. *Agee v. Wyrick*, 480 F.Supp. 24 (W.D.Mo.1979).

BRIGHT, Circuit Judge, dissenting:

I dissent.

When the prosecutor suggests a sentence of thirty years and the jury imposes one of ninety-nine years, something is wrong.

Here, the defense attorney stood mute while the prosecutor cross-examined appellant's wife about premarital sexual activities with appellant. *See Agee v. Wyrick*, 546 F.2d 1324 (8th Cir. 1976) (*per curiam*). Still without a murmur of protest from defense counsel, the prosecutor in his closing argument maintained that Agee's assault upon his victim in this case was "just the same as [that upon] the girl [his wife] that he [Agee] conceived a child with when he was twenty-four and she was fifteen." At 499. Furthermore, counsel failed to object to the prosecutor's introducing evidence of an uncounseled misdemeanor conviction.

Initially, we must separate questions of guilt and sentencing. The fact that overwhelming evidence justifies conviction does not render harmless the impermissible use of highly objectionable testimony, evidence and argument present in this case, which might enhance the severity of the sentence. After careful review of the record, I conclude that the unchecked prosecutorial vindictiveness and unfairness described above produced a clearly excessive sentence for a crime that called for a substantial jail term, but not one for ninety-nine years.

The record here demonstrates clear inadequacy of defense counsel. Indeed, defense counsel seemed to apologize to the jury for being present at the trial. This inadequacy deprived Agee of fair consideration by the jury on the issue of punishment and violated Agee's sixth amendment right to effective assistance of counsel, made applicable to the several states by the due process clause of the fourteenth amendment. *See Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

We noted in our prior opinion that the defendant's attorney had no "plausible strategic reason for failing to object." *Agee v. Wyrick, supra*, 546 F.2d at 1327. Additionally, we alluded to counsel's inadequacy: "The record indicates some lack of diligence in protecting petitioner against charges that he was something of a sex maniac who preyed upon young girls." *Id.* However, we deferred that issue to the Missouri courts because Agee had failed to exhaust state remedies.

The Missouri courts ultimately denied relief on technical grounds, not on the merits. *Agee v. State*, 562 S.W.2d 762 (Mo.App. 1978). The federal district court's conclusion that the evidence in question did not

---

**3.** *See, e. g., Donaldson v. Wyrick*, 393 F.Supp. 1041 (W.D.Mo.1974) (99 year sentence); *State v. Drope*, 462 S.W.2d 677 (Mo.1971) (life sentence); *State v. McMillian*, 338 S.W.2d 838 (Mo.1960) (life sentence).

**4.** In 1958 Agee was convicted of malicious property destruction for which he received a 60 day sentence. It is undisputed that Agee was indigent at the time of that conviction and that he was not advised of his right to court-appointed counsel.

affect the sentence cannot be justified in light of the prosecutor's own evaluation of the case in his comments referred to in the majority opinion: "I hope the discussion is going to start at about thirty years as that is what the case is worth." At 499.

Accordingly, I would grant Agee appropriate relief under a writ of habeas corpus from this unconstitutionally enhanced sentence.