James David IRONS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Dept. of Corrections, Appellee.

No. 83–2097.

United States Court of Appeals, Eighth Circuit.

. Submitted May 24, 1984.

Decided Aug. 23, 1984.

Jesse L. Kearney, Pine Bluff, Ark., for appellant.

Steve Clark, Atty. Gen., by Matthew Wood Fleming, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ROSS, ARNOLD, and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

James David Irons appeals the district court's [1] denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

Pursuant to a plea of guilty to the charge of raping his twelve-year-old daughter, Irons was sentenced to fifteen years imprisonment. On appeal the Arkansas Supreme Court vacated the guilty plea. Following a jury trial, Irons was found guilty of rape and sentenced to fifteen years. The Arkansas Supreme Court affirmed his conviction. *Irons v. State*, 272 Ark. 493, 615 S.W.2d 374 (1981). Irons applied for post-conviction relief, which was denied.

In his federal habeas corpus petition, Irons alleged, among other grounds, that he was denied a fair trial because of juror bias, inflammatory prosecutorial comments, prejudicial testimony, and the use of

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

his prior confession. Irons also alleged that his trial counsel was ineffective in failing to object to these alleged errors. The district court found that procedural default barred consideration of the due process claims because Irons had not demonstrated cause for noncompliance with state procedural rules and resulting prejudice. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The district court noted that this court had held that ineffective assistance of counsel may establish sufficient cause under *Wainwright, see Howard v. Wyrick,* 720 F.2d 993, 995 (8th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1715, 80 L.Ed.2d 187 (1984); *Pickens v. Lockhart,* 714 F.2d 1455, 1468 (8th Cir.1983); *Graham v. Mabry,* 645 F.2d 603, 607–08 (8th Cir.1981), but that Irons had not demonstrated that his counsel had been ineffective. In order to prevail on his ineffective assistance of counsel claim, Irons had to establish that his counsel breached the duty of customary skill and that the breach resulted in prejudice. *See Strickland v. Washington,* — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish prejudice, Irons had to "show that there [wa]s a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068.

For reversal, Irons argues primarily that the district court erred in finding that he failed to show prejudice resulting from his trial counsel's errors regarding jury selection and counsel's failure to make certain objections.

Irons challenges the trial court's seating of jurors Westerman and Kennedy. First, Irons argues that his counsel should have challenged Westerman as a juror because he revealed that he had discussed the case the day before the trial with Irons's sister-in-law. The prosecution questioned Westerman and asked him whether he had formed an opinion regarding Irons's guilt. Westerman responded that he had not and further stated that he could base his decision on the evidence at trial. Both the prosecution and the defense accepted West-

erman. Defense counsel asked the juror no questions.

Irons also objects to the seating of juror Kennedy because Kennedy stated that he knew members of Irons's family and had also heard about the case prior to the trial. During voir dire, Kennedy stated that he did not believe he would be prejudiced, either for or against Irons. Both sides accepted him as a juror.

The district court found that Irons's trial counsel breached his duty of customary skill in selecting the jury, because counsel essentially allowed Irons to pick the jury. The district court found, however, that Irons made no showing of actual prejudice resulting from counsel's breach. In *Smith v. Phillips,* 455 U.S. 209, 215–18, 102 S.Ct. 940, 945–946, 71 L.Ed.2d 78 (1982), the Supreme Court held that a petitioner who seeks habeas corpus relief based on an allegation of juror bias must prove actual bias, either in a state court or federal court hearing, and that a court cannot impute bias based on the petitioner's bare allegations.

█ In the instant case, Irons was given the opportunity to establish actual prejudice at the evidentiary hearing in the district court. He called neither juror as a witness. As a result, the district court properly concluded that absent Irons's allegations of bias, there was no evidence on the record on which to base a finding of actual prejudice. *See Rogers v. Rulo,* 712 F.2d 363, 367 (8th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984).

Irons also argues that his trial counsel was ineffective in failing to object to allegedly inflammatory prosecutorial comments, prejudicial testimony from the victim, and Irons's prior confession.

█ In his opening statement and closing argument the prosecutor commented that incestuous rape is a more serious type of rape. Irons argues that since the charge of rape does not include the term "incest," the comments inflamed the jury, rendering the jurors biased against him.

We disagree. As the district court noted, it was obvious from the evidence that the victim was Irons's daughter. Under the circumstances, we believe that counsel's failure to object was not ineffective assistance. The jury was well aware that the rape, if proven, was incestuous.

Irons further argues that his daughter's testimony that she was receiving treatment as an incest victim was irrelevant and prejudicial. In regard to both these issues, this case is similar to *Agee v. Wyrick*, 546 F.2d 1324 (8th Cir.1976). In *Agee*, a statutory rape case, the prosecutor introduced evidence that the defendant had conceived a child with a fifteen-year-old girl when he was twenty-four years old. The petitioner's trial counsel testified at the federal evidentiary hearing that he had not objected to the testimony at trial, because at the time he thought it was admissible. This court found that counsel's failure to object "indicate[d] some lack of diligence" but that there was no resulting prejudice and the jury's verdict was not affected in light of the strong evidence of guilt. *Id.* at 1327.

 In the case at bar, Irons's counsel testified at the evidentiary hearing that he did not remember why he failed to object to the testimony, but that he probably felt at the time that the less said about the matter, the better for his client. We believe that the district court correctly found that as in *Agee*, in light of the overwhelming evidence of guilt, counsel's failure to object did not constitute ineffective assistance.

Finally, Irons contends that his attorney should have objected to the prosecutor's use of his prior confession at trial. As stated above, the Arkansas Supreme Court vacated Irons's guilty plea on direct appeal. At trial, Irons testified that he did not remember the events that occurred on the night of the rape. The prosecutor used Irons's prior confession to impeach that testimony and his attorney did not object. The district court properly found that this was not an instance of ineffective assistance. Statements taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694 (1966), although inadmissible in the prosecution's case-in-chief, are admissible to impeach the defendant's testimony. *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Mitchell v. Wyrick*, 698 F.2d 940 (8th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983).

Accordingly, the judgment of the district court is affirmed.